TYSON, Judge.
Susie Mae Jackson was charged by indictment with assault with intent to cause serious physical injury to one Douglas Foster by means of a deadly weapon, to-wit, a pistol, in violation of § 13A-6-20, Code of Alabama 1975, as amended 1980.
Following appointment of counsel and consultation with him the appellant executed an “Ireland Form” and thereafter the trial court conducted a hearing on the guilty plea which was entered in open court following consultation with counsel.
The record discloses a full Boykin v. Alabama colloquy, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
The appellant made application for probation and the cause was thereafter continued for hearing also on the issue of restitution. The case was continued for sentenc *236 ing hearing at which time the trial court set sentence at three years’ imprisonment, but placed the following conditions on same: that the request for probation was granted provided the appellant serve six months in confinement in the county jail or state penitentiary and that the remaining sentence would be served on probation; that the appellant should pay restitution in the amount of the victim’s hospital bills. The cause was then continued for two weeks at which time a second hearing was conducted to determine the amount of restitution. At that time the three year sentence was suspended, probation was conditioned upon serving six months in the county jail and upon being presented with the amount of the victim’s hospital bill, the trial court determined that the bills came to a total of $2,284.34. The trial court noted that the appellant was 37 years of age and confined to a wheel chair and her source of income was social security. However, the trial court insisted that the appellant serve a minimum period of confinement, but, because her daughter was expecting a child, the trial judge indicated he would review the case a month from the date of determination of restitution and the proceeding was adjourned.
Appellant’s counsel made objections to the restitution and requested another hearing in the matter. Thereafter a hearing was conducted on September 24, 1982, which hearing is hereinafter quoted:
“REVIEW
“(WHEREUPON, the following occurred on Friday, September 24, 1982, in open court as follows:)
“THE COURT: How much time has she been in jail or do you know? Not long, has she?
“MR. WHITE: She served, I think it was about a month upstairs, Your Honor. From three to four weeks, and then you let her out so she could be with her daughter when she had her baby and help her daughter. Her daughter has had the baby. Her daughter is in school right now and Ms. Jackson is at home taking care of the baby.
“THE COURT: Who else is going to take care of the baby?
“MR. WHITE: At this point in time there is nobody else other than the daughter. It’s a catch twenty-two. The daughter is either going to have to quit school and take care of the baby or continue school and Susie Mae take care of the baby.
“THE COURT: How old is the daughter?
“MR. WHITE: Sixteen.
“THE COURT: I’m sorry. She hasn’t done but a month and she almost killed a man. She’s going to have to do some more time.
“MR. WHITE: I understand you have made a ruling on the motions that were filed pertaining to this case involving the restitution that’s been ordered in her case.
“THE COURT: Um-hum.
“MR. WHITE: At this time we respectfully object to this court’s ruling and file a notice of appeal with the court of that ruling.
“THE COURT: Let me make sure, for the record, that everybody understands what the ruling is. At this point in time I’ve ordered what the restitution is and said that she should pay it. Now, the next question comes is whether or not she’s going to be able to pay it. The court has not determined at this point whether she is or is not going to be able to pay it. Obviously she’s not going to be able to pay it right now because she’s in jail. When she gets out of jail we will look at it again.
“MR. WHITE: Our motion was to address that issue as to when the determination should have been made, and this court has ruled it should be made after restitution is ordered and the defendant contends that the determination should be made prior to any restitution being ordered. That is what we are appealing from.
“THE COÜRT: I understand, and just so the record is clear — it’s the court’s opin *237 ion that the restitution should be ordered and that whether or not the defendant is able to pay or not is whether or not she’ll be revoked for not paying and that’s the issue.
“MR. WHITE: I also ask that counsel be appointed to represent Ms. Jackson on this appeal as she is an indigent person.
“THE COURT: You are appointed.
“MR. WHITE: Thank you.
“THE DEFENDANT: Could I come in on Monday morning. I’ve got to be at home right now.
“THE COURT: To find somebody to look after the baby?
“THE DEFENDANT: Yes.
“THE COURT: She can turn herself in Monday morning.
“MR. WHITE: Thank you, Your Honor. (WHEREUPON, court was dismissed).”
Following the request for additional review by appellant’s counsel, the trial court noted that it had placed the appellant on probation for three years conditioned on spending six months in the county jail, paying restitution as ordered and paying all court costs. A request for reconsideration of the restitution and costs was denied. However, on motion of appellant’s counsel, the trial court did determine that the appellant should no longer be confined and on October 4, 1982, the trial court suspended the remaining jail sentence and ordered that the appellant be released.
Thereafter an appeal of this entire proceeding was perfected to this Honorable Court where the same was argued orally before the court. At the time of oral argument, it was brought out that the Supreme Court of the United States had entered its recent opinion in Bearden v. Georgia, — U.S. -, 108 S.Ct. 2064, 76 L.Ed.2d 221 (1983), and the respective parties were directed to file supplemental briefs covering this opinion. This has been done and the cause now submitted.
I
The appellant argues that she was not properly permitted to present her objections to the order of restitution in the trial court because of the appellant’s financial resources and also because of the appellant’s physical condition.
The legislature of Alabama adopted by act, the provisions which cover restitution and are now codified as §§ 15-18-65 through 15-18-77, Code of Alabama 1980 as amended 1982. As directed by § 15-18-67, Code, the trial court in the instant case has determined the amount of restitution and ordered same to be paid.
“§ 15-18-68. Criteria for determining restitution.
“In determining the manner, method or amount of restitution to be ordered the court may take into consideration the following:
“(1) The financial resources of the defendant and the victim and the burden that the manner or method of restitution will impose upon the victim or the defendant;
“(2) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the Court;
“(3) The anticipated rehabilitative effect on the defendant regarding the manner of restitution or the method of payment;
“(4) Any burden or hardship upon the victim as a direct or indirect result of the defendant’s criminal acts;
“(5) The mental, physical and financial well being of the victim. (Acts 1980, No. 80-588, p. 928 § 4.)
“§ 15-18-69. Objections to order; statement of findings.
“At such restitution hearings, the defendant, the victim, the district attorney, or other interested party may object to the imposition, amount or distribution of restitution or the manner or method thereof and the court shall allow all such objections to be heard and preserved as a matter of record. The court shall thereafter enter its order upon the record stating its findings and the underlying facts and circumstances thereof. (Acts 1980, No. 80-588, p. 928, § 5.)
*238 “§ 15-18-70 Method of payment of restitution; payment as condition of sentence suspension or probation.
“When a defendant is sentenced or ordered to make restitution, the court may order payment to be made forthwith to be paid to the circuit clerk as other fines and costs are made. The court may also order restitution to be made within a specified period of time or in specified installments to the circuit clerk as a condition of suspension of execution of sentence or as a condition of probation. (Acts 1980, No. 80-588, p. 928, § 6.) “§ 15-18-71. Enforceability of order when defendant imprisoned; condition of parole.
“When a defendant is sentenced to a term of imprisonment, the order of restitution shall be enforceable during the period of imprisonment when the defendant has income. The board of pardons and paroles will be notified of the amount of restitution by its parole officers and when and if the defendant is paroled, it shall be made a condition of his parole to continue his restitution payments to the victim. If during the period of the defendant’s parole, he fails to make restitution as ordered by the original court, it shall be grounds for revocation of parole. (Acts 1980, No. 80-588, p. 928, § 7.)”
As noted above, while this appeal was being perfected, the Supreme Court of the United States entered its opinion in the case of Bearden v. Georgia, - U.S. -, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). Justice O’Connor stated the issue as being “[t]he question presented here is whether a sentencing court can revoke a defendant’s probation for failure to pay the imposed fine and restitution, absent evidence and findings that the defendant was somehow responsible for the failure or that alternative forms of punishment were inadequate.”
As noted previously, the trial court in the case at bar has suspended further jail time. Therefore, the appellant in the instant case is not presently confined.
In Bearden v. Georgia, the Supreme Court points out other methods of dealing with the issue of restitution or fine. The court noted:
“The State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means. As we said in Williams [v. Illinois], 399 U.S. [235] at 244, 90 S.Ct. 2018 at 2023, 26 L.Ed.2d 586], and reiterated in Tate [v. Short], 401 U.S. [395] at 399 [91 S.Ct. 668 at 671, 28 L.Ed.2d 130], ‘[t]he State is not powerless to enforce judgments against those financially unable to pay a fine.’ For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine. Justice Harlan appropriately observed in his concurring opinion in Williams that ‘the deterrent effect of a fine is apt to derive more from its pinch on the purse than the time of payment.’ Ibid. [399 U.S.], at 265 [90 S.Ct. at 2034]. Indeed, given the general flexibility of tailoring fines to the resources of a defendant, or even permitting the defendant to do specified work to satisfy the fine, see Williams, supra, at 244, n. 21 [90 S.Ct. at 2024, n. 21], a sentencing court can often establish a reduced fine or alternate public service in lieu of a fine that adequately serves the State’s goals of punishment and deterrence, given the defendant’s diminished financial resources. Only if the sentencing court determines that alternatives to imprisonment are not adequate in a particular situation to meet the State’s interest in punishment and deterrence may the State imprison a probationer who has made sufficient bona fide efforts to pay.
“We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range *239 of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State’s interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.”
While the instant appeal- is in different posture from Bearden v. Georgia, supra, because the appellant is here not presently confined, nevertheless, there has not been made a written order determining the method and manner of payment of restitution. The appellant insists that she was not given the full opportunity to make her position known on her ability to pay as well as the assets which she may have and any other properties or income which she might have as bearing upon her ability to pay. Since the appellant has objected to the order setting restitution, and the trial court has failed to enter a written order setting forth its full findings and the facts and circumstances relating thereto as required by § 15-18-69, Code of Alabama 1980, this court has no alternative but to reverse this cause and direct that a full hearing be conducted on the issue of restitution and the manner and method of payment.
This court is further of the opinion that the applicable Alabama statutes which are herein referred to must be construed in light of the United States Supreme Court’s opinion in Bearden v. Georgia, supra. In light of the foregoing, this cause is hereby reversed and remanded to the circuit court with instructions to conduct a further hearing on the issue of restitution granting the appellant full opportunity to be heard with counsel present and to present such matters as may be relevant and material to the issue before the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.