TAYLOR, Judge.
Tony Everitt Boyett was charged with “trafficking in cannabis,” it being alleged that he did
“on or about April 24, 1985, at or near Covington County, Alabama, knowingly have in actual or constructive possession in excess of one kilo or 2.2 pounds of cannabis, a controlled substance, to-wit: 2.23 pounds, subsequent to May 28,1980, contrary to the law and in violation of Title 20-2-80 of the Code of Alabama, 1975, and as last amended, against the peace and dignity of the State of Alabama.”
The jury by its verdict found the appellant guilty of the lesser included offense of “possession of marijuana,” a violation of the Alabama Uniform Controlled Substances Act. He was sentenced to four years’ imprisonment in the penitentiary.
I
Boyett contends that the court erred in receiving into evidence a written report of the Department of Forensic Sciences identifying the substance found as marijuana. There were no preliminary questions asked to lay a predicate for the introduction for the written report. This same information, however, was thereafter testified to by a criminalist from the Department of Forensic Sciences, and the *833 same information presented to the jury. “[Testimony, apparently illegal upon admission, may be rendered prejudicially innocuous, by subsequent legal testimony to the same effect or from which the same facts can be inferred.” Childress v. City of Huntsville, 459 So.2d 1008, 1011 (Ala.Crim.App.1984). The accused was not injured by this error.
II
Boyett next contends that reversible error was committed when the prosecutor stated in summation: “Two point two pounds or any amount in excess of two point two pounds [constitute] a crime of trafficking in cannabis.” Mr. Grisset, the defense attorney, replied: “We’re going to object to that. I think he said two point two pounds or in excess of two point two pounds.” The court stated: “I think the jury understands what they said. Go ahead.”
In fact, the statute provides, for the offense to be “trafficking,” that the quantity must be “in excess of one kilo or 2.2 pounds_”
While it appears that the prosecutor corrected himself immediately when he misspoke as to the quantity, the appellant has little ground for objection. He was certainly not injured, since the jury convicted him only of possession of marijuana and not trafficking.
Ill
Appellant finally contends that the court erred in failing to give his written requested charge P-15, which stated: “I charge you, the jury, that the mere presence of an accused in an automobile containing marijuana is not sufficient to establish that the accused had knowledge of its presence.” There was a specific objection to the refusal of this charge. Part of the court’s oral charge was as follows:
“The word possession means actual or constructive possession or possession by physical dominion and control. The possession includes any possession however brief the duration may be.
“And in considering whether a person is in actual or constructive possession of one of these controlled substances, there are three basic elements involved. Whether or not there was an actual control or potential control; an intention to exercise some control over the substance; and some external manifestation of the intent to control the substance.
“The state must prove knowledge of the presence of the named controlled substance beyond a reasonable doubt. That is, the state must prove that the defendant knew the controlled substance was there. Such guilty knowledge may be established by circumstantial evidence. It is not necessary to prove ownership in order to prove actual or constructive possession of a substance.
“I would tell you that the law is that the mere presence in a place where some controlled substance is found, standing alone, is not sufficient to find constructive possession. Constructive possession must be determined by weighing those facts and circumstances tendpng] to support an accused’s necessary control over a substance, against those facts and circumstances which demonstrate a lack of dominion and control over the substance.
“Now that is something for you and you alone to determine from the evidence in the case.”
The court’s oral charge sufficiently covered the subject of the requested charge and it was therefore not error to deny the requested charge.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.