504 So.2d 360 (1987)
James Darren WELCHER, alias
v.
STATE.
5 Div. 147.
Court of Criminal Appeals of Alabama.
January 27, 1987.
Rehearing Denied February 24, 1987.
*361 Charles R. Gillenwaters, Alexander City, for appellant.
Charles A. Graddick, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for appellee.
TYSON, Judge.
James Darren Welcher, alias, was indicted for manslaughter in violation of § 13A-6-3, Code of Alabama 1975. The jury found the appellant "guilty of the offense of criminally negligent homicide." He was sentenced to 12 months in the county jail and ordered to pay a fine of $2,000 plus the costs of the proceedings. Later, during a separate restitution hearing, the appellant was ordered to pay $4,670.00 in restitution to the mother of the victim. Three thousand seven hundred and ten dollars ($3,710.00) of the total sum represented the funeral expenses incurred in connection with the death of the victim, Donald Eddie Flournoy.
The $960 balance of the total amount represented the lost wages incurred by Mrs. Flournoy in connection with her appearances in court.
Since the appellant does not raise the sufficiency of the evidence as an issue on *362 this appeal, we will only briefly state the facts of this case.
The State presented evidence at trial which tended to show that the appellant was operating a Ford Mustang automobile in which Donald Eddie Flournoy was a passenger immediately before it was wrecked, killing Flournoy. The accident occurred on Tallapoosa Street in Alexander City, Alabama. The automobile, owned by the appellant's brother, skidded down a steep embankment on Tallapoosa Street for a distance of 110 feet and overturned approximately four times. Both Flournoy and the appellant, the sole occupants of the vehicle, were thrown from the vehicle.
Byron Rex Dennis, with the Alexander City Police Department, testified that he followed the appellant to the hospital and directed the doctor to draw a blood sample for alcohol analysis.
Ms. Martha Price, a nurse at the hospital, testified that she drew the blood for the alcohol test. The appellant was unconcious at the time that he was brought into the hospital and was unable to give his consent for the performance of the alcohol test.[1]
Uncontroverted evidence from several sources, including the appellant himself, established that he had been drinking alcohol prior to the accident.

I
The appellant contends that the trial court erred in failing to grant his motion to suppress the results of the blood alcohol test. He argues that the admission of the test results was erroneous because the appellant was not under arrest at the time the blood used for the test was drawn and the appellant did not verbally, or in writing, give his consent for the withdrawal of blood. We disagree.
We find that the admission of the blood results was not erroneous based on Love v. State [Ms. 6 Div. 995, September 9, 1986] (Ala.Crim.App.), writ granted, (No. 86-128, December 18, 1986) (Ala.1986), recently decided by this court.
The facts in Love are very similar to those in the present case. In Love, two teenagers were killed in an automobile collision caused by that appellant. Love had been drinking prior to the accident and his blood alcohol level was shown to be .30%. There was no evidence that Love consented to the withdrawal of the blood sample used for the test. The blood was withdrawn while Love was in the hospital pursuant to the direction of a law enforcement officer. The law enforcement officer's probable cause for suspecting that Love was driving while intoxicated and his subsequent request for the taking of the blood sample were based on his personal observations of that appellant and the scene of the accident. The officer smelled the odor of alcohol around the appellant and viewed an open bottle of rum in Love's car at that time. Love was arrested 14 days after the accident had occurred and was charged with murder.
In Love we noted,
"The purpose of the arrest requirement in the implied consent act [to which the appellant, Welcher, refers in the present case] is to meet the requirements of due process for the revocation of the driver's license if the motorist refuses to submit to a chemical test. Schultz v. Macduff, 205 Misc. 43, 127 N.Y.S.2d 116, 125-28 (1954). The arrest requirement does not create a new rule for the admissibility of the evidence at trial....
"`The administration of a blood alcohol test is a seizure of the person, and a search of his body for evidence,' State v. Curtis, 106 Idaho 483, 680 P.2d 1383, 1388 (1984); i.e., it is subject to Fourth Amendment requirements....
....
"Despite the arguments to the contrary, we find the requirement that an actual arrest must precede the seizure of blood from an injured motorist before blood is withdrawn is unreasonable where there *363 is probable cause to believe the motorist was driving while intoxicated and exigent circumstances are present....
....
"... `It is the existence of probable cause for the search, not the fact of arrest which is constitutionally significant.'" (emphasis added) (citations and quotations omitted).
Love, supra.
We find that the facts of the case at bar warrant a similar finding of probable cause. Officer Dennis testified that, before he requested that the blood be drawn from this appellant, he detected the odor of alcohol around the appellant.
In addition, we do not believe that the fact that Officer Dennis did not know for sure that the appellant was the driver of the car was fatal to the existence of probable cause. The admission of the blood alcohol test results was, therefore, not erroneous.

II
The appellant contends that the trial court erred in allowing the introduction of a photograph of the deceased which had not been produced prior to trial. He argues that the failure to produce the photograph was a violation of the trial court's order that the State produce "Any and all tangible objects, books, papers, photographs or documents obtained from any other person relating to the charges against the defendant" to the extent that they were exculpatory in nature to the defendant. (Clerk's R. 22, 64)
The disputed photograph was offered into evidence by the State immediately following the appellant's observation of it for the first time.
The appellant relies on Jones v. State, [Ms. 5 Div. 67, May 13, 1986] (Ala.Crim. App.1986) in support of his argument. In Jones, the photograph was a "mug shot" of the appellant used by undercover officers for identification purposes.
The appellant's reliance on Jones here is misplaced. The photo in this case was of the deceased victim in the case, not of the appellant. It was offered for the standard purpose of identifying the deceased in conjunction with the autopsy evidence. Certainly this photo could not be considered as "exculpatory in nature as to the Defendant" and, as such, the State's failure to produce it pursuant to the order did not constitute a violation of that provision. (Clerk's R. 64). We find no error here.

III
The appellant contends that the trial court erred in allowing the State Board of Health Regulations pertaining to the chemical test for intoxication to be admitted into evidence. He argues that the records were admitted without proper authentication, i.e., their admittance was not accompanied by the live testimony of a custodian of the records.
John R. Wible certified that the records were kept in his office, under his control and custody. His certification was sufficient authentication of the records. Bentley v. State, 450 So.2d 197 (Ala.Crim.App. 1984). See also Moore v. State, 442 So.2d 164 (Ala.Crim.App.1983) (where court mentions necessity of introduction of "[a] copy of the board's rules and regulations" for proper foundation). No error was committed in admitting the records.

IV
The appellant contends that the judge's actions in instructing the jury to disregard a statement made by appellant's counsel during his closing argument were erroneous. We disagree.
The disputed portion of the appellant's closing statement is as follows, "The State asked y'all to cast the stone. Those among you who are within (sic) sin cast that stone." (R. 355) Although it is true that quotations from the Bible are generally allowed during closing arguments, see, e.g., Wright v. State, 279 Ala. 543, 188 So.2d 272 (1966), it is clear that the statement made here went beyond the "wide latitude" allowed counsel in closing arguments. See Sanders v. State, 426 So.2d *364 497 (Ala.Crim.App.1982). We find no abuse of discretion in the trial judge's actions here since the statement was clearly made in an attempt to have the members of the jury empathize with the defendant. Montgomery v. State, 446 So.2d 697 (Ala. Crim.App.1983). The trial judge was correct in instructing the jury to disregard counsel's statement.

V
The appellant contends that the trial court erred in failing to give his requested charge number eleven which states:
"I charge you that under the State's chemical test for intoxication act, the presumption that a person was intoxicated where test results show greater than .10 per cent weight of alcohol in that person's blood, is a rebuttable one, and the jury is not compelled to find that person was intoxicated, even though results show an alcohol level in excess of .10 per cent."
(Clerk's R. 95).
The appellant argues that the charge which was given by the judge concerning the presumption of intoxication was a misstatement of the law and confusing to the jury because it omitted an explanation of the rebuttable nature of the intoxication presumption.
The portion of the oral charge concerning which the appellant complains is as follows:
"The law sets certain standards. And... if the weight of alcohol in a person's blood is more than point one zero per cent, then that person is presumed to be under the influence. And that presumption in and of itself once it's established that that's what it isif that is established beyond a reasonable doubt, then you are bound by that result."

(emphasis added) (R. 374-375). We find no reversible error here. Rule 45, A.R.A.P.
"The entire charge must be construed as a whole. Harris v. State, 412 So.2d 1278, 1281 (Ala.Crim.App.1982). When reviewing a judge's oral charge, `each statement made by a judge to the jury should be examined in light of the entire charge and ... isolated statements which appear prejudicial when taken out of context may be innocuous when viewed in light of the entire trial.' United States v. McCoy, 539 F.2d 1050, 1063 (5th Cir. 1976), cert. denied, 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977)."
Kennedy v. State, 472 So.2d 1092 (Ala. Crim.App.1984), aff'd, 472 So.2d 1106 (Ala. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 340, 88 L.Ed.2d 325 (1985). See Peterson v. State, 452 So.2d 1372 (Ala.Crim.App. 1984).
Although the judge's statement that the jury was "bound by that result" was ambiguous, the charge, when viewed as a whole, sufficiently explained to the jury the nature of the presumption involved and eliminated any possibility of prejudice to the appellant. See Boyd v. City of Montgomery, 472 So.2d 694 (Ala.Crim.App. 1985); Maffett v. Roberts, 388 So.2d 972 (Ala.1980).
Prior to making the statement to which the appellant objects, the trial judge explained,
"The jury may consider statutes and ordinances regulating the defendant's conduct in determining whether he's guilty of criminal negligence. And you may also consider those statutes and ordinances in deciding whether the defendant is guilty of recklessness. The fact that I read this statute is no indication that it has been violated or that such violation is criminal negligence or that such violation proximately caused the death of the deceased. It is for you to decide whether or not the statute is applicable, whether or not it has been violated and whether or not such violation is criminal negligence and whether or not such violation proximately caused the death of the deceased." (emphasis added)
(R. 369-370).
Following the alleged erroneous statement, the judge continued,
"That is not to say, however, that any element of this offenseof these offenses is proven or that there is any presumption of the defendant's guilt in *365 this case, because the charge in this case is not D.U.I. And it's not whether he was under the influence of alcohol. The mental states that are involved are recklessness and criminal negligence, and you're to decide whether those things have been proven beyond a reasonable doubt. And I've instructed you earlier as to the effect of the intoxication or being under the influence. And all I'm telling you now that if a person is point one zero or more, then that person is presumed to be under the influence. However, in order to prove that beyond a reasonable doubt, there are several things that the State must prove.
....
"So the mere fact that evidence has been offered saying that the defendant has a blood alcohol content of more than point one zero does not give any inference that the defendant is automatically guilty of this offense or automatically guilty of being intoxicated. And you're to be governed in your deliberations by this consideration as I've just described it to you." (emphasis added). (R. 375-376)
Although the judge's statement that the jury was "bound by that result" was susceptible to misinterpretation, it is clear that it was conditioned on the jury's determination, beyond a reasonable doubt, as to the facts presented. Cf. Canty v. State, 242 Ala. 589, 7 So.2d 292 (1942); Pense v. City of Montgomery, 333 So.2d 221 (Ala.Crim. App.1976).
Furthermore, there is strong support for the argument that the judge's statement, when read in conjunction with those made later in the charge, related solely to the issue of the validity of the blood alcohol level test itself, and not to the presumption of intoxication which attaches thereto. See Patton v. City of Decatur, 337 So.2d 321 (Ala.1976); Moore v. State, 442 So.2d 164 (Ala.Crim.App.1983). It cannot be said that the trial judge invaded the province of the jury in this case. See also, Pace v. City of Montgomery, 455 So.2d 180 (Ala.Crim.App.1984).
The statement which is the subject of complaint here is not plainly erroneous; even had we found it to be so, we consider it harmless in light of the entire instruction given by the judge to the jury. Rule 45, A.R.A.P. The instruction given here adequately explained the nature of the presumption and it was not necessary for the judge to expressly mention the presumption was "rebuttable". Cf. Salazar v. State, 505 So.2d 1287 (Ala.Crim.App.1986) (reversible error found where trial judge instructed jury on statutory definitions of intoxication, but completely failed to mention that the .10 per cent standard included therein created only a presumption of intoxication, which was rebuttable). See also, Hanners v. State, 461 So.2d 43 (Ala. Crim.App.1984).

VI
The appellant contends that the court's restitution order, requiring the appellant to pay $4,670 in restitution to the victim's mother, did not comply with §§ 15-18-68 and 15-18-69, Code of Alabama 1975. He argues that the victim's mother did not fall within the statutory definition of "victim" for the purposes of § 15-18-66(2) and, therefore, should not have been entitled to reimbursement for her wages lost as a result of her appearances in court. This contention is without merit. As the recently decided case of Strough v. State, 501 So.2d 488 (Ala.Crim. App.1986), illustrates, such damages fall well within those contemplated by the restitution statutes. Art. 4A, Code of Alabama 1975. See also, Varner v. State, 497 So.2d 1135 (Ala.Crim.App.1986).
"Whether an expense is reasonable is a matter addressed to the sound discretion of the trial court. Absent a clear abuse of discretion, the ruling will not be reversed on appeal. Clare v. State, 456 So.2d 355 (Ala.Cr.App.1983), aff'd, 456 So.2d 357 (Ala.1984)." Strough, supra.
In addition, the appellant contends that the trial court erred in failing to inquire into the appellant's ability to pay and in failing to state a "method and manner of payment" in its written order. He cites *366 Jackson v. State, 435 So.2d 235 (Ala.Crim. App.1983) (holding Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), applicable in construction of Alabama restitution statutes) in support of this argument.
These issues were not preserved for review by this court. See Adams v. State, 484 So.2d 1160 (Ala.Crim.App.1985), ("[e]ven constitutional questions, when not raised in the trial court will not be considered on appeal"); Stork v. State, 475 So.2d 622 (Ala.Crim.App.1984) (issue of whether trial judge improperly ordered restitution without a hearing not preserved for review where the appellant failed to object to the order when made). Cf. Ex Parte Clare, 456 So.2d 357 (Ala.1984); Duncan v. State, 456 So.2d 359 (Ala.Crim. App.1983), aff'd, 456 So.2d 362 (Ala.1984); Jackson, supra.
The only objection raised by the appellant at trial concerned the amount of restitution; there was no objection made as to the manner in which the hearing was conducted. See Fisher v. State, 439 So.2d 176 (Ala.Crim.App.1983) ("[s]pecific grounds of objection waive all grounds not specified").
We note that our decision in Jackson does not place solely upon the court or the prosecution the burden of initiating an inquiry with respect to the criteria set out in § 15-18-68, Code of Alabama 1975. See Humber v. State, 481 So.2d 452 (Ala.Crim. App.1985). Cf. Henry v. State, 468 So.2d 896 (Ala.Crim.App. 1984), writ denied, 468 So.2d 902 (Ala.1985). Indeed, the language of § 15-18-68 indicates only that the court "may" take the defendant's financial resources, inter alia, into consideration.
The appellant in this case was given ample opportunity to offer evidence in his own behalf during the restitution hearing. He chose not to do so. In light of this fact and his failure to preserve the issues mentioned, we find his contentions to be without merit.
For the above-stated reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
PATTERSON, J., concurs.
McMILLAN, J., concurs specially with opinion in which TAYLOR, J. joins.
BOWEN, P.J., dissents with opinion.
BOWEN, Presiding Judge, dissenting.
I dissent from Part V of the majority opinion. In refusing the defendant's requested charge on the rebuttable nature of the presumption of intoxication created by Alabama Code 1975, § 32-5A-194(b), the trial court is guilty of the same error which caused a reversal in Salazar v. State, 505 So.2d 1287 (Ala.Cr.App.1986). I find nothing "ambiguous" about the judge's instructions that the jury was "bound by that result." Nowhere did the trial judge instruct the jury that the presumption was rebuttable. The oral charge simply does not fairly and effectively cover the substance of the requested but refused written charge. For that reason, the judgment of the circuit court is due to be reversed.
McMILLAN, Judge (concurring specially).
A jury instruction which states an erroneous presumption, thereby shifting the burden of proof from the State or relieving the State of its duty to prove a necessary element of an offense, has been determined by the United States Supreme Court to be subject to the harmless error rule under the proper circumstances. Rose v. Clark, ___ U.S. ___, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). However, because of the greivous nature of such an error, the harmless error rule should be infrequently and carefully applied. Assuming that the instant jury instruction established such a burden-shifting presumption, under the totality of the circumstances of this case, the error was harmless. The evidence of intoxication was introduced by the State to prove the element of recklessness required for manslaughter; however, the jury apparently found that the appellant did not act recklessly as they returned a verdict of *367 criminally negligent homicide. Cf. Boyett v. State, 494 So.2d 832 (Ala.Cr.App.1986).
NOTES
[1] The results of the blood alcohol test revealed that the appellant's blood alcohol level was .17%.