The sole issue presented in this case is whether a defendant who pleads guilty to *Page 853 
an indictment can be required, as a condition of probation, to make restitution in an amount greater than that alleged in the indictment.
As the Court of Criminal Appeals correctly states in its opinion, the trial judge had authority to require Killough to make restitution as a condition of her probation. Code 1975, §15-22-52 (8). The Court of Criminal Appeals determined that other state courts, construing statutes similar to § 15-22-52
(8), had limited the amount of restitution to the amount specified in the indictment to which the defendant pleaded guilty, but concluded that "a defendant can agree to pay a larger amount in restitution as part of a plea bargain agreement." Phillips v. United States, 679 F.2d 192 (9th Cir. 1982); United States v. McLaughlin, 512 F. Supp. 907 (D.Md. 1981). We agree with the Court of Criminal Appeals and specifically hold that a defendant can be ordered to pay restitution in an amount in excess of the amount stated in the indictment, if the defendant made an agreement as part of a plea bargain.
The Court of Criminal Appeals, after reviewing the testimony taken at the sentencing hearing, was led to conclude that "a plea bargain existed in which appellant agreed to make full restitution." That court attached Appendix A to its opinion to support its conclusion.
After reviewing the opinion of the Court of Criminal Appeals, the briefs of the parties, the argument made before this Court by counsel for the defendant and the state, we can conclude that Killough did agree to make restitution in an amount in excess of that charged in the indictment, and that the Court of Criminal Appeals was justified in holding that Killough agreed to make "full restitution," which that court determined was the sum of $58,755.00 in this case. We hold, as did the Court of Criminal Appeals, that "[i]f appellant wishes to avoid payment of full restitution, her alternative is to serve the five-year prison sentence."
The Court of Criminal Appeals found:
 "Although we affirm appellant's conviction and find that the trial court committed no error in ordering restitution in an amount exceeding that specified in the indictment, we must remand this cause for a determination of whether the $14, 936 claimed as expenses was properly included as restitution. There is no clear indication in the record as to who incurred these expenses. If these expenses were incurred by the State and amounted to investigation expenses they could not properly be included as restitution. United States v. Vaughn, 636 F.2d 921
(4th Cir. 1980)."
We agree with that court's determination that a court cannot order restitution of expenses incurred by the state.
Based on the foregoing, we affirm the judgment of the Court of Criminal Appeals, 434 So.2d 849.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.