The defendant was indicted and convicted for two separate charges of second degree theft and one charge of first degree theft. Sentence was two years' imprisonment and a fine of $15,000 which was suspended (both fine and sentence) on the condition, among others, that the defendant make restitution in the amount of $15,000 during the first two years of her probation.
On appeal, the defendant argues that the trial court's order of restitution was arbitrary and capricious. The evidence reveals that the defendant embezzled money from a Montgomery travel agency called Executive Meetings, Conventions and Travel (EMCT).
At the restitution hearing the State argued that the total amount lost by EMCT as a result of the defendant's criminal activities was $24,540.10. The defendant argued that she did embezzle $12,434.06 worth of checks but, after subtracting credits due her, the amount of restitution should be $4,711. Although the defendant is only charged with the theft of a total of $2,168, she may lawfully be required, as a condition of probation, to make restitution in an amount greater than that alleged in the indictments. Killough v. State,434 So.2d 852 (Ala. 1983).
This issue is not preserved for review. Nowhere do we find any objection "to the imposition, amount or distribution of restitution or the manner or method thereof", specific provision for objection being provided by Alabama Code Section15-18-69 (1975).
In Alabama, restitution is limited to pecuniary damages which is defined as "(a)ll special damages which a person shall recover against a defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities." In a civil action for fraud against the defendant the victims in this case would be entitled not only to the amount of financial loss actually sustained but also to punitive damages. Ellis v. Zuck, 546 F.2d 643 (5th Cir. 1977). Additionally, recovery may be had for the ordinary, natural and proximate consequences of the fraud including mental suffering.Holcombe v. Whitaker, 294 Ala. 430, 433-34, 318 So.2d 289
(1975). In determining "the manner, method or amount of restitution", the court may consider the "mental, physical and financial well being of the victim." Alabama Code Section15-18-68 (1975). The particular amount of restitution is a matter which must of necessity be left almost totally to the discretion of the trial judge. That discretion should not be overturned except in cases of clear and flagrant abuse. Such abuse is not present in this case.
Here, as in Killough, supra, if the defendant wishes to avoid payment of full restitution, her alternative is to serve the two-year prison sentence and pay the $15,000 fine.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 357