We granted certiorari in this case to consider whether the Court of Criminal Appeals, 456 So.2d 355, was correct in affirming the trial court's decision ordering defendant to pay $15,000.00 as restitution resulting from her conviction.
The defendant was convicted for two separate charges of second degree theft and one charge of first degree theft. The court imposed a sentence of two years' imprisonment and a fine of $15,000.00. The sentence was suspended on condition that defendant make restitution in the amount of $15,000.00 during the first two years of her five-year probationary period. The case was appealed to the Court of Criminal Appeals, which affirmed.
After a thorough examination of the case, we agree with the Court of Criminal Appeals' finding that the trial court was correct in its assessment of restitution. The judgment of the Court of Criminal Appeals is, therefore, affirmed.
In affirming, we deem it necessary to discuss what type of damages may be included in the restitution order. *Page 358 
The Code authorizes the trial court, as a condition of probation, to order the defendant to
 "[m]ake reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court. . . ."
Code 1975, § 15-22-52 (8). The Code defines "restitution" as
 "[f]ull, partial or nominal payment of pecuniary damages to the victim or to its equivalent in services performed or work or labor done for the benefit of the victim as determined by the court of record,"
while also defining "pecuniary damages" as
 "[a]ll special damages which a person shall recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities. . . ."
Code 1975, § 15-18-66 (1982 Repl.Vol.).
The Court of Criminal Appeals states that included in the concept of special damages is the right to receive punitive damages. This, however, is incorrect. The purpose of the above-cited statute, as announced by the legislature, is to ensure
 ". . . that all perpetrators of criminal activity or conduct be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof. . . ." (Emphasis added.)
Code 1975, § 15-18-65 (1982 Repl.Vol.). These special damages, then, are based on the theory of compensation. In BirminghamWaterworks Co. v. Keiley, the Court of Appeals discussed the issue of damages, and stated:
 "Actual damages are recoverable at law, out of a wrongdoer by the injured party as a matter of right as compensation for the actual loss sustained by him by reason of such wrong. Punitive damages are damages over and above such sum as will compensate a person for his actual loss, and the law permits their imposition, in proper cases, at the discretion of the jury, not because the party injured is entitled to them as matter of right, but as punishment to the wrongdoer, and to deter him and others in similar
businesses from such wrongdoing in the future."
2 Ala. App. 629, 637, 56 So. 838, 841 (1911), citing Oliver v.Columbia, N. L.R.R. Co., 65 S.C. 1, 43 S.E. 307 (1902). The legislative intent of the restitution statute is to compensate, and not to punish. We, therefore, hold that the special damages that the victim is entitled to in this case are limited to an amount which fully compensates the victim, and these damages may not be punitive in nature.
Having settled the question concerning what type of damages are allowable for restitution, we now focus on the main issue offered for our review in this case: whether the Court of Criminal Appeals erred in affirming the trial court's order of restitution.
The general rule regarding the imposition of restitution has been that the amount awarded may not be larger than that involved in the indictment. United States v. Follette,32 F. Supp. 953 (E.D.Pa. 1940). This language is based on a strict interpretation of the federal Probation Act. Code 1975, §15-22-52 (8), is similar to the federal statute, and has been relied upon for years as the controlling law on the subject in Alabama. We now, however, have a new statute which the legislature enacted to govern restitution in Alabama, 1980 Ala. Acts 80-588 (Codified at Code 1975, § 15-18-65 through §15-18-77 (1982 Repl.Vol.)). This statute authorizes restitution to "fully compensate all victims of [criminal] conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof." Code 1975, § 15-18-65 (1982 Repl.Vol.). It is clear to us from this new enactment that it is the intent of the legislature that victims be fully compensated through restitution. The Act authorizes restitution by defendant for any "criminal activity" on his part against the victim. "Criminal activity" is defined as "[a]ny offense with respect to *Page 359 
which the defendant is convicted or any other criminal conduct admitted by the defendant." Code 1975, § 15-18-66 (1982 Repl.Vol.). In the case before us, the defendant admits that she embezzeled monies which rightfully belonged to her employer, in an amount greater than that stated in the indictment. By using Code 1975, § 15-22-52 (8), together with new Code 1975, §§ 15-18-65 and -66, we find that defendant can be held accountable for an amount greater than that set out in the indictment.
Defendant contends that the most she can be held to owe as restitution is $12,000.00, as this is the total amount that she admits to taking unlawfully from her employer. The State, however, produced evidence showing that the total amount taken by defendant was $31,500.00. The trial court allowed each side ample time to gather evidence pertaining to the amount in question. The court held a hearing, as authorized by Code 1975, § 15-18-67 (1982 Repl.Vol.), to determine the amount of restitution to be made. Neither side chose to call any witnesses. The court found, after listening to counsel, that the actual amount taken by defendant was $31,500.00.
Defendant objects, stating that she can only be held accountable for the amount in excess of the indictment which she admits having stolen. We disagree. The statute allows restitution for any criminal activity for which there is a conviction or an admission by defendant. Defendant admits to engaging in activities concerning certain discounts and loans, but maintains that she is entitled to the proceeds therefrom. The court finds that these too are included in defendant's criminal activities.
In order to follow the intent of the legislature and compensate the victim, the court set restitution at $15,000.00. We find no abuse of discretion in the trial court's holding, and agree with the judgment of the Court of Criminal Appeals.
The Court of Criminal Appeals, in reaching its decision, relied on the case of Killough v. State, 434 So.2d 852 (Ala. 1983). The issue in the Killough case centered around the defendant's agreeing to pay full restitution pursuant to a plea bargain. Since there was no evidence of a plea bargain in this case, we find that the Court of Criminal Appeals' reliance onKillough was misplaced.
The State contends that the restitution issue was not preserved for appeal by defense counsel, because no objection was made, as is authorized by Code 1975, § 15-18-69 (1982 Repl.Vol.). We dismiss this argument because the nature of this particular restitution hearing did not allow for objections, as there was no testimony from witnesses. Defendant's counsel made known to the court his disagreement with the State concerning the amount of restitution, and this was enough in this instance to preserve the issue for review. The Court of Criminal Appeals, properly having the issue before it, was under a duty to render a decision thereon.
Even though we do not agree with all the rationale used by the Court of Criminal Appeals in its opinion, we, nevertheless, based upon the above-stated reasons, affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.