501 So.2d 488 (1986)
Tommy STROUGH
v.
STATE.
3 Div. 301.
Court of Criminal Appeals of Alabama.
April 8, 1986.
Rehearing Denied July 15, 1986.
On Return to Remand December 30, 1986.
*489 Frank L. Thiemonge, III, Montgomery, for appellant.
Charles A. Graddick, Atty. Gen. and Beatrice E. Oliver, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
The appellant was indicted for sexual abuse in the first degree, a violation of § 13A-6-66, Code of Alabama 1975. A jury found the appellant guilty as charged in the indictment and he was sentenced to ten years' imprisonment in the state penitentiary. This sentence was later suspended and the appellant was given a one-year sentence in the county jail, with four years' probation to be served afterwards.
The record indicates that the victim, a nine-year-old girl, lived next door to the appellant at the time the incident in question occurred. In December of 1984, the girl went to the appellant's house to play with his niece and nephew, who were visiting. She testified that while the appellant's wife and the two other children were in a back bedroom, the appellant placed her in his lap, put his hand up her shirt, and started squeezing her breasts. The little girl began to cry and asked the appellant to stop. Instead of stopping, the appellant began rubbing the inside of her legs. The girl screamed and ran back to her house, where she immediately informed her aunt and uncle of what had happened.

*490 I
Before trial, the appellant filed a motion entitled "Motion for Court Reporter to Record Statement," in which he requested that the trial court order the court stenographer to include the opening statements and summation of the parties in the official transcripts. The record on appeal does not contain a recitation of the opening or closing statements of either the state or the defendant. The appellant admits that the trial court never made a ruling on his motion, but asserts that the court's failure to make a ruling constitutes a denial of the motion. Appellant's position is against the great weight of authority in this state. "The law is well settled in Alabama that, to reserve appellate review of a motion, an adverse ruling from the trial court must be secured." Livingston v. State, 419 So.2d 270, 273 (Ala.Cr.App.1982); Carroll v. State, 405 So.2d 163 (Ala.Cr.App.1981); Murphy v. State, 403 So.2d 314 (Ala.Cr. App.), cert. denied, 403 So.2d 316 (Ala. 1981). Since there is nothing in the record to indicate that the motion was ruled on by the trial court or that the appellant brought to the court's attention its failure to make a ruling, this court has nothing to review.

II
The appellant also contends that the trial court improperly restricted his crossexamination of the victim. During the appellant's cross-examination of the girl, the judge sustained the state's objection to the following question.
"Q: Is your mother married now?
"MR. JAMES: Judge, I'm going to object at this time.
"THE COURT: Sustained.
"MR. THIEMONGE: Your honor, this is cross-examination.
"THE COURT: Well, as to whether the mother is married
"MR. THIEMONGE: I'm moving towards something, your Honor.
"MR. JAMES: I'll object to what he is moving into, Judge.
"MR. THIEMONGE: May I approach the bench, your Honor?
"THE COURT: Come around here and make a showing to me."
After a brief, off-the-record discussion, the court ruled that the appellant's question as to the marital status of the victim's mother was improper cross-examination. No basis for the ruling appears in the record. This court has consistently held that the extent of cross-examination is a matter within the sound discretion of the trial court and that its ruling will not be disturbed on appeal unless clear abuse is shown. Blackmon v. State, 449 So.2d 1264 (Ala.Cr.App.1984); Terry v. State, 447 So.2d 1322 (Ala.Cr.App. 1984); Renfroe v. State, 382 So.2d 627 (Ala.Cr.App.), cert. denied, 382 So.2d 632 (Ala.1980). The trial court may properly limit questioning that is irrelevant or which relates to a wholly collateral matter. Daniels v. State, 375 So.2d 523 (Ala.Cr.App. 1979). We find no abuse of the trial court's discretion in this instance.

III
The appellant also contends that the trial court abused its discretion in ordering that he pay $1,353.60 in restitution to Charles Graham, the uncle and guardian of the victim. Under the "Restitution to Victims of Crimes Act," a victim is entitled to reasonable compensation for any pecuniary damages which result either directly or indirectly from the defendant's criminal action. Sections 15-18-65, et seq., Code of Alabama 1975.
The facts adduced at the restitution hearing indicate that shortly after the sexual abuse incident occurred, the girl moved to another city with her aunt and uncle. Mr. Graham testified that he and his family moved to Thorsby, Alabama, because he "wanted to get the child away from the defendant." After moving to Thorsby, Mr. Graham continued working in Montgomery at a job he had held for many years, commuting the 60 miles back and forth each day. In addition, evidence was presented that Mr. Graham lost four days' pay due to his attendance at trial. Although Mr. Graham did not testify at trial, he stated that his presence was needed *491 because of the emotional state of his wife, who did testify.
After hearing all of the evidence presented by the state in support of granting restitution, the court ordered the appellant to compensate Mr. Graham for various expenses, including wages lost due to his attendance at trial, gasoline expenses incurred in traveling from his home in Thorsby to the courthouse during the four-day trial, the cost of moving from Montgomery to Thorsby, and expenses incurred by Mr. Graham in commuting to and from work each day. The appellant maintains that Mr. Graham is not entitled to such compensation under the provisions of the Alabama restitution act.
The purpose of the legislature in passing the restitution act was to fully compensate victims of crime who suffer "any pecuniary loss, damage or injury as a direct or indirect result" of a criminal act. § 15-18-65, Code of Alabama 1975. (Emphasis supplied). The term "victim" is broadly defined by the Statute to include "[a]ny person who the court determines has suffered a direct or indirect pecuniary damage as a result of the defendant's criminal activities." § 15-18-66(4), Code of Alabama 1975.
Section 15-18-66(2), Code of Alabama 1975, provides that a victim may recover from a convicted defendant all special damages which a person could recover in a civil suit. Special damages are those which flow naturally, but not necessarily, from a wrongful act. McLendon Pools, Inc. v. Bush, 414 So.2d 92 (Ala.Civ.App.1982). Although the restitution statute is broad in scope, there are nevertheless some limits upon the extent to which a victim may recover for pecuniary loss. Before a defendant can be held liable for damages, it must be established that his criminal act was the proximate cause of the injury sustained by the victim. Bush v. Alabama Power Company, 457 So.2d 350 (Ala.1984); Ruffin Coal & Transfer Company v. Rich, 214 Ala. 633, 108 So. 596 (1926). "The proximate cause of an injury is the primary moving cause without which it would not have occurred, but which, in the natural and probable sequence of events, produces the injury." City of Mobile v. Havard, 289 Ala. 532, 538, 268 So.2d 805 (Ala.1972); see also, Vines v. Plantation Motor Lodge, 336 So.2d 1338 (Ala.1976). As our Supreme Court observed in Alabama Power Company v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975), foreseeability is the cornerstone of proximate cause. This does not mean, however, that the defendant must have actually foreseen the particular injury which resulted from his action. Rather, the injury sustained by the victim must have been of such a nature that a reasonable person could have foreseen or anticipated that the injury might occur as a natural consequence of the action. Williams v. Woodman, 424 So.2d 611 (Ala. 1982); Prescott v. Martin, 331 So.2d 240 (Ala.1976). Where an injury is caused by intentional conduct, the rules of proximate cause are more liberally applied. Phillips v. Smalley Maintenance Services, Inc., 435 So.2d 705 (Ala.1983).
The Alabama Restitution to Victims of Crimes Act, by reference to the pertinent Alabama civil law, permits a victim to recover all reasonable expenses which are incurred due to the defendant's wrongful conduct. See, Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211 (1968); Birmingham Amusement Company v. Norris, 216 Ala. 138, 112 So. 633 (1927); Ross v. United States, 640 F.2d 511, 521 (5th Cir.1981). Whether an expense is reasonable is a matter addressed to the sound discretion of the trial court. Absent a clear abuse of discretion, the ruling will not be reversed on appeal. Clare v. State, 456 So.2d 355 (Ala.Cr.App.1983), aff'd, 456 So.2d 357 (Ala.1984). Although Mr. Graham did not testify during the proceedings, it is clear from the record that his presence was of use, in light of the emotional condition of his wife, who did testify, and also the little girl. The trial court could reasonably have concluded that Mr. Graham was entitled under the restitution act to compensation for wages lost due to his attendance at trial. Mr. Graham was *492 likewise entitled to be reimbursed for his gasoline expenses incurred traveling from his home to the courthouse for trial. § 15-18-66(2), Code of Alabama 1975.
Remuneration to Mr. Graham of $80 for expenses incurred in moving his family to another city presents a closer question, but after careful consideration of the facts, we are convinced that the court did not abuse its discretion to reversal in ordering the appellant to make restitution. Although we agree with the appellant's assertion that the move, to be compensable, would have to be within a reasonable distance, we are not prepared to say, under the particular facts of this case, that it was unreasonable for the Grahams to move to a nearby city. The psychological benefits to be derived from removing an abused child to a totally new environment some distance away from the molester is a factor to be considered in determining the reasonableness of the action.
Lastly, we consider the propriety of the trial court's order that the appellant reimburse Mr. Graham for the money he spent on gasoline in commuting to and from his Montgomery job each day. In support of granting restitution, the state argued that, "but for" the appellant's sexual abuse of the child, Mr. Graham would not have moved the sixty miles to Thorsby, and could not, therefore, have incurred the additional gasoline expense in driving to his place of employment. After hearing the arguments of both parties, the trial judge awarded restitution to Mr. Graham. Even given the liberal language of the restitution act and the deference accorded the trial judge's ruling on appeal, we are compelled to hold that the trial court abused its discretion in ordering the appellant to pay restitution for the commuting expenses of the uncle of the victim.
This cause is due to be remanded for a new restitution hearing consistent with this opinion.
AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.
All the Judges concur, except BOWEN, P.J., who concurs in Parts I and II and dissents in Part III with opinion, and McMILLAN, J., who joins in the dissent.
BOWEN, Presiding Judge, concurring in Parts I and II, dissenting in Part III.
I concur with the majority's holding in Parts I and II, but I dissent from the holding in Part III. Even if the majority's broad interpretation of the Alabama Restitution to Victims of Crimes Act is accepted, the majority's decision to uphold the award of moving expenses, compensation for wages lost due to his attendance at trial, and reimbursement for his gasoline expenses incurred traveling from his home to the courthouse for trial, but to reject the award of reimbursement for the money Mr. Graham spent on gasoline in commuting to and from his Montgomery job from Thorsby is totally arbitrary. If the other expenses are justified, so is the expense of commuting. If the move was a result of the defendant's criminal conduct, then, it is only logical that the necessity of having to commute is also a result of that criminal conduct.

ON RETURN TO REMAND
TAYLOR, Judge.
On remand, the trial court, in compliance with our directions, has amended its restitution order. The judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.