TYSON, Judge.
This is an appeal from the Circuit Court of Lawrence County where the appellant, Randy Scott Simmons, entered a guilty plea to theft of property in the third degree. (R. 136-136A.)
On March 23, 1989, the appellant was indicted by the grand jury of Lawrence County for burglary in the third degree and theft of property in the second degree, in violation of § 13A-7-7 and § 13A-8-3, Code of Alabama 1975. (R. 140.) The appellant was charged in the indictment with taking: thirty-five (35) sheets of paneling; two (2) commodes; one (1) set of kitchen cabinets; seven (7) window units; nine (9) door units; one (1) set of door steps; ten (10) wall plugs; ten (10) light switches; an assortment of carpet. (R. 140.)
On May 19, 1989, the appellant plead guilty to theft of property in the third degree. (R. 126-136A.) The trial court sentenced the appellant to nine months imprisonment in the county jail and set a restitution hearing on the matter. (R. 155-156.)
On August 10, 1989, the trial court granted the appellant's application for probation and suspended his sentence. (R. *1047 136A.) A restitution hearing was held on December 18, 1989. (R. 4-134.)
On April 17, 1990, the trial court ordered the appellant to pay restitution in the amount of $10,000. (R. 181-183.)
Ms. Genevieve McCullough, the owner of the house in question, was the first witness to testify at the restitution hearing. Ms. McCullough purchased the house and eight acres of land for $26,000 at a public auction in 1983. (R. 10, 28.) Ms. McCullough testified that in addition to the items listed in the indictment a sheet of peg board, a bat of insulation, a breaker box, and a central air and heat unit were also missing from the house. (R. 17-18.) Ms. McCullough received an estimate for the value of the missing items from Mr. Coffey, a subcontractor for Lowe’s. (R. 24.)
Ms. McCullough also included as part of her restitution a claim for interest that she paid on the money she borrowed to buy the property from 1984 through 1989. (R. 22-23.) Ms. McCullough testified that because of the damage done to the house by the appellant it was no longer in marketable condition. (R. 24.)
Mr. Gene Coffey, who is familiar with the cost of building supplies, prepared an estimate for the value of the items taken from the house. (R. 50, 51.)
Mr. Coffey gave the following estimate for the missing items:
sheets panelling $1,137.50 LO CO
colored commodes 1,100.00 CQ
window units 1,225.00 t—
door units 1,920.00
set of kitchen cabinets 7,840.00 r — I
set of door steps 225.00 r*H
wall plugs 100.00 O 1 — I
red tub and shower stall 750.00 r-H
bat of insulation 29.95 r-H
peg board 17.50 i“H
breaker box 750.00 † — f
central air and heating unit 6,500.00 (R. 55-65.) i-H
The appellant testified at the restitution hearing. (R. 110) He testified that the only items he took from Ms. McCullough’s house were those items listed in the statement he gave law enforcement personnel. (R. 116, E.R. 20.) The appellant admitted in his statement to taking: a red bathtub and shower stall; one bat of insulation; one peg board; one 7 X 24 closet door; six cabinet drawers; hardware from the kitchen; seven 4x8 sheets of panelling and seven wall plug boxes. (R. 138, E.R. 20.)
This appeal follows.
I
The appellant first contends that the restitution award was not based on the proximate cause of the offense committed by the appellant. The appellant also contends that the restitution order does not meet the requirement of § 15-18-66, Code of Alabama 1975, in that the damages were not pecuniary in nature, but punitive.
In Ex parte Clare, 456 So.2d 357, 358 (Ala.1984), the Alabama Supreme Court stated:
“ ‘[The restitution] statute authorizes restitution to “fully compensate all victims of [criminal] conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof.” Code 1975, § 15-18-65 (1982 Repl.Vol.). It is clear to us from this new enactment that it is the intent of the legislature that victims be fully compensated through restitution. The Act authorizes restitution by defendant for any “criminal activity” on his part against the victim. “Criminal activity” is defined as “[a]ny *1048 offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.” Code 1975, § 15-18-66 (1982 Repl. Vol.).’ ”
The State presented evidence as to the value of the items the appellant admitted taking when he plead guilty to theft as charged in the indictment and to the value of the items the appellant admitted taking in his statement to the police. (R. 151, 152, 140, 138.) The value of the items total $14,344.95:
“(1) 35 sheets — 4 x 8 panelling $1,137.50
"(2) 2 colored commodes $1,100.00
“(3) 7 window units $1,225.00
“(4) 9 door units $1,920.00
“(5) set of kitchen cabinets $7,840.00
“(6) set of door steps $ 225.00
“(7) 10 wall plugs $ 100.00
“(8) Red rub and shower stall $ 750.00
“(9) Bat of insulation $ 29.95
“(10) Peg Board $ 17.50”
In addition the State presented evidence of interest the victim paid on the money she borrowed to buy the house which totaled $13,005. (R. 23.) Because of the damage done to the house by the appellant it was no longer in a marketable condition.
It is clear that the restitution proved by the State was proximately related to the offense committed by and to which the appellant entered a plea of guilty. Therefore, the restitution order of $10,000 was not punitive in nature.
II
The appellant also argues that the restitution order entered into by the court does not comply with § 15-18-69, Code of Alabama 1975, which requires the court to state its findings and the underlying facts and circumstances thereof. A review of the order reveals that the trial court complied with the requirement of § 15-18-69:
“... This court further finds, pursuant to § 15-18-69, Code of Alabama, 1975, as amended, that the Defendant, Randy Scott Simmons, committed theft of the property owned by the victim, Genevieve McCullough, by taking and removing miscellaneous fixtures and building materials from a house owned by the victim located in the Mt. Hope community. Numerous photographs and documentary evidence were admitted and reviewed by the Court at the restitution hearing touching and concerning damage done to the victim’s property and the pecuniary loss that she suffered. The Court notes that there is a conflict in the testimony as to the total pecuniary loss suffered by the victim and that admitted done by the Defendant. The Court is of the opinion that, consistent with the intent of the Legislature of this state in allowing restitution to fully compensate the victim for pecuniary loss suffered as a proximate cause of the action of this Defendant, that the Defendant, Randy Scott Simmons, shall pay restitution in the amount of Ten Thousand and No/100 ($10,000.00) Dollars to Genevieve McCullough. The Defendant, as a condition of his probation, shall pay the Ten Thousand and No/100 ($10,000.00) Dollar restitution amount in installment payments on a monthly basis, consistent with his stated income at the minimum rate of Eighty and No/100 ($80.00) Dollars per month. The Court may review from time to time the income of the Defendant to ascertain whether a greater monthly amount may be paid on restitution to the victim. As previously ordered by the Court, monies paid by the Defendant through the Clerk of the Court shall be applied first to restitution due the victim and then to related costs due the State of Alabama. It is further noted that, consistent with § 15-18-75, Code of Alabama, 1975, as amended, the victim, Genevieve McCullough, retains the right to proceed as she may deem appropriate for damages from the Defendant in a civil action_” (R. 181, 182.)
Ill
The appellant’s final contention is that the trial judge erred in ordering him to pay restitution in the amount of $10,000. He argues that the restitution order constitutes an abuse of discretion by the trial court. This court, in Wiggins v. State, 513 So.2d 73, 79 (Ala.Cr.App.1987) (quoting from Clare v. State, 456 So.2d 355, 356 *1049 (Ala.Cr.App.1983)), held that: “The particular amount of restitution is a matter which must of necessity be left almost totally to the discretion of the trial judge. That discretion should not be overturned except in cases of clear and flagrant abuse.”
The court’s order here did not constitute a clear abuse of discretion. The appellant was charged with burglary in the third degree and theft of property in the first degree. The appellant entered a guilty plea to theft three charged in the indictment. (R. 151, 152.) At the restitution hearing, the appellant only admitted taking items found in his statement to the police which had a value of $1,212.45. However, a value of $14,344.95 was given to the items listed in the indictment which the appellant pleaded guilty.
The victim also claimed as restitution the interest she had paid on the money she borrowed to buy the house since 1984. The total of this interest was $13,005. (R. 23.) Because of the damage done to the house by the appellant it was no longer in a marketable condition.
Upon the appellant’s conviction, the court was authorized to order restitution of the amount which was the subject of the crime. Wiggins v. State, 513 So.2d 73 (Ala.Cr.App.1987); Ex parte Clare, 456 So.2d 357, 358 (Ala.1984).
Given the evidence that was admitted and reviewed by the court at the restitution hearing concerning the damage done to the victim’s property and the pecuniary loss that she suffered the restitution order of $10,000 did not constitute an abuse of discretion.
For the reasons shown, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs specially in result only with opinion.