The appellant pleaded guilty to two charges of possession of a forged instrument in the second degree. The appellant had been charged with writing a check for $200 on the account of the Concerned Citizens Group of Montgomery, and with writing another check for $300 on that same account. However, during the sentencing hearing, testimony was given that the actual amount of money that was mishandled by the appellant was $5,600. Therefore, the trial court ordered restitution in that amount. The appellant was sentenced to three years in the penitentiary, with the sentence suspended; the appellant placed on probation for five years on the condition that he spend one year in the county jail, and that he pay court costs, pay $25 to the victims' compensation fund and pay attorney fees.
The appellant argues that the trial court erred in ordering restitution for $5,600, when he was charged only with was forging checks amounting to $500. In Ex parte Clare,456 So.2d 357, 358-59 (Ala. 1984), the Alabama Supreme Court held that a defendant can be held accountable for an amount greater than that set out in the indictment. The court stated:
 "This statute [1980 Ala. Acts 80-588 (codified at Code 1975, Section 15-18-65 through 15-18-77 (1982 Repl.Vol.))] authorizes restitution to 'fully compensate all victims of [criminal] conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof.' Code 1975, § 15-18-65 (1982 Repl. Vol.). It is clear to us from this new enactment that it is the intent of the legislature that victims be fully compensated through restitution. The Act authorizes restitution by defendant for any 'criminal activity' on his part against the victim. 'Criminal activity' is defined as '[a]ny offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.' "
Evidence was presented that the appellant had forged checks amounting to $5,600. The defense counsel even stated at the commencement of the restitution hearing that, "Now, if they have checks from August 21 on that total $5,600, then I think we're pretty much in a position that if Mr. Pollard signed them, it was probably without authority." Thereafter, the defense counsel stated: *Page 96 
 "Now, I don't know what they are going to say. You know, I don't know what they are even going to say here. I haven't been provided — there's obviously, fifty-six hundred dollars worth of checks. He's charged on two of them. If I could just look at those checks, we may be able to alleviate this whole situation.
". . . .
 "Well, we'll go ahead with this tragic hearing on something we ought to be able to settle."
The trial court then allowed defense counsel to confer with the victim, outside the presence of the prosecutor, to determine whether the restitution matter could be settled. Following a brief recess, a restitution hearing was held, wherein Don Parrish, the First Alabama Bank employee in charge of this investigation, testified that checks amounting to $5,600 had been submitted with the appellant's signature and a signature alleged to be that of a member of the Concerned Citizens Group, which latter signature was determined to be a forgery. There were no funds in the account on which the checks were written and, following an investigation, First Alabama Bank determined that the appellant had been cashing the checks. Parrish testified that the checks were written without the consent of the Concerned Citizens Group. The appellant presented no evidence to refute this testimony. Moreover, the only statements made by the appellant in his own defense tended to claim that he used the monies that he acquired from the checks in order to purchase certain merchandise for the Concerned Citizens Group.
Thus, the appellant effectively admitted the criminal conduct.
 "As pointed out in Wigmore on Evidence, Third Edition, 1940, at § 1058, the true admission is a formal act, done in course of judicial proceedings, which waives or dispenses with the production of evidence, by conceding for the purpose of litigation that the proposition of fact alleged by the opponent is true; it concerns a method of escaping from the necessity of offering any evidence at all, and is a way for relieving the opposing party from the need of any evidence, and is conclusive in the sense that it formally waives all right to deny, for the purposes of the trial; it removes the proposition in question from the field of disputed issues. See also Wigmore on Evidence, Third Edition, 1940, §§ 2588, 2590 and 2591.
 "Were it otherwise, an admission . . . , made with undisclosed qualifications, would result in the nullification of the admission. The action would be pointless, unless designed to ensnare the opposition, which proposition we do not entertain in this case."
Donahay v. State, 287 Ala. 716, 718-719, 255 So.2d 599, 601
(1971), cert. denied, 255 So.2d 602 (Ala. 1971). In Donahay, the defense counsel admitted at trial that the defendant had been previously convicted of a robbery, in order to avoid the State's calling of a witness. By doing so, the court held that the defendant effectively admitted the prior conviction and relieved the State of the burden of proving any of the matters that would ordinarily attend establishing the prior conviction, although the prior conviction was a material element of the offense charged. See also Johnson v. State, 508 So.2d 1192,1195-96 (Ala.Cr.App. 1986).
In the present case, the defense counsel, in an attempt to settle the matter of restitution, admitted that the checks in the State's possession, with the appellant's signature and that of a forged co-signer, amounting to $5,600, were without authority. The appellant in no way refuted forging the co-signer's signatures or cashing the checks. His only contention was that the monies were used for purchases on behalf of the Concerned Citizens Group.
 "In Clare v. State, 456 So.2d 355, 356 (Ala.Cr.App. 1983), this court held
 " 'The particular amount of restitution is a matter which must of necessity be left almost totally to the discretion of the trial judge. That discretion should not be overturned except in cases of clear and flagrant abuse.' *Page 97 
 "The trial court's order here did not constitute a clear abuse of discretion. . . .
 ". . . We can find no justifiable reason why this appellant should not be responsible for fully compensating the victim."
Wiggins v. State, 513 So.2d 73, 79 (Ala.Cr.App. 1987).
AFFIRMED.
All Judges concur except BOWEN, J., who concurs in the result only, without opinion.