TAYLOR, Judge.
The appellant, R.B.N., who was granted youthful offender status and is entitled by Rule 52, A.R.App.P., to anonymity in appellate proceedings, was convicted of assault in the third degree, a violation of § 13A-6-22, Code of Alabama 1975. The trial court, sitting without a jury, sentenced him to 12 months’ imprisonment; the sentence was suspended and he was granted probation. He was ordered to pay restitution in excess of $20,000.
The appellant presents two issues on appeal.
I
The appellant’s first contention is that the circuit court erred in denying his motion for a judgment of acquittal. More specifically, he alleges that the conviction was contrary to the great weight of the evidence.
The state’s evidence tended to show as follows: On December 8, 1989, the appellant, R.B.N., accompanied by Shelby Miller, attended a party at Cypress Creek Apartments in Tuscaloosa. After leaving the party, the appellant and Miller were confronted by Miller’s ex-boyfriend and a companion in the complex’s lower parking lot. A large crowd of the partygoers began to converge on the parking lot in anticipation of a fight. Upon seeing the crowd from the complex’s upper parking lot, the victim, Rodney Watkins, grabbed his girlfriend and quickly headed down the hill towards the lower lot. When he was within 10 feet of the appellant, Watkins yelled, “Kick [the appellant’s] ass.” The appellant faced Watkins and asked, “Who the hell are you?” Watkins, who had one hand in his jacket pocket and held a bottle of beer with the other, shrugged in response. The appellant then hit Watkins in the face with his right hand, knocking him to the ground. Watkins’s head hit the pavement, knocking him unconscious. The appellant continued to strike Watkins until he was forcibly removed.
At trial, the appellant moved for a judgment of acquittal after the state rested, but the motion was denied. The appellant made the same motion after presenting his case; this motion was also denied. He now contends that the trial court erred in denying these motions, arguing that the conviction was contrary to the great weight of the evidence, which, he alleges, established that the appellant had acted in self-defense.
The “weight of the evidence” refers to “ ‘a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.’ ” Johnson v. State, 555 So.2d 818, 820 (Ala.Cr.App.1989) (quoting Tibbs v. Florida, 457 U.S. 31, 37-38, 102 S.Ct. 2211, 2216, 72 L.Ed.2d 652 (1982)). See also McMillian v. State, 594 So.2d 1253 (Ala.Cr.App.1991). “[I]t is not the province of this court to reweigh the evidence presented at trial.” Watkins v. State, 565 So.2d 1227, 1231 (Ala.Cr.App.1991); Johnson, supra, at 820. We will uphold the judgment of the lower court “unless that decision was palpably contrary to the great weight of the evidence and manifestly wrong.” Wat *411 kins, supra. The trial court’s judgment in this case was neither contrary to the great weight of the evidence nor manifestly wrong.
II
The appellant, a full-time college student, also contends that the trial court erred in ordering him to pay restitution in the amount of $20,044.35. He contends that the award of restitution was an abuse of discretion. The state presented evidence of the victim’s medical expenses and lost income.
“ ‘The particular amount of restitution is a matter which must of necessity be left almost totally to the discretion of the trial judge. That discretion should not be overturned except in cases of clear and flagrant abuse.’ ” Kyser v. State, 513 So.2d 68, 73 (Ala.Cr.App.1987) (quoting Clare v. State, 456 So.2d 355, 256 (Ala.Cr.App.1983), affirmed, 456 So.2d 357 (Ala.1984)) (emphasis added). Medical expenses and lost wages may be considered in determining restitution. Harris v. State, 542 So.2d 1312, 1314 (Ala.Cr.App.1989); Kyser, supra.
The judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.