603 So.2d 1132 (1992)
Charlie Lee RICHARDSON
v.
STATE.
CR-91-396.
Court of Criminal Appeals of Alabama.
August 21, 1992.
*1133 A. Mark Ritter, Florence, for appellant.
James H. Evans, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for appellee.
MONTIEL, Judge.
The appellant pleaded guilty to unauthorized use of a motor vehicle and agreed to pay $135 per month toward restitution. The appellant subsequently disputed the amount of restitution and requested a hearing on the matter. Following a hearing, the trial judge ordered that the appellant pay restitution in the amount of $3,233.28, payable by payroll deduction at the rate of $135.00 per month.
At the restitution hearing, the victim testified that when his van was taken by the appellant, it had tools in it. When the van was recovered, the tools were missing and the van was damaged. The victim testified that he had itemized the missing tools and had ascertained the replacement cost from catalogs. He also testified that he had purchased some new tools. Neither the catalogs used to determine the replacement cost nor the receipts for new tools were introduced into evidence. The victim testified that the cost of replacing the tools and of repairs to the van, including parts, labor, and towing, totaled $3,233.28.
The appellant testified that, when he took the van, he did not notice whether the tools were in the van. He admitted that he abandoned the van on the side of a county road and walked home. The appellant testified that his gross weekly income was $280, and that his monthly expenditures often exceeded his income. Further, he testified that he owned no property, had no bank accounts, and was making weekly payments of $50 on a car valued at $2,500 to $2,800.
The appellant's sole argument on appeal is that the trial court erred in ordering him to pay restitution for the tools. He contends that an order of restitution for the missing tools must be based upon a conviction for theft of property, not unauthorized use of a motor vehicle.
According to § 15-18-65, Alabama Code 1975, "all perpetrators of criminal activity or conduct [are] required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage, or injury as a direct or indirect result thereof." The prosecution must establish that a defendant's criminal act was the proximate cause of the victim's injury before a defendant can be held liable for damages. Strough v. State, 501 So.2d 488 (Ala.Cr.App. 1986). See also, Bush v. Alabama Power Co., 457 So.2d 350 (Ala.1984). It is not necessary "that the defendant must have actually foreseen the particular injury which resulted from his action. Rather, the injury sustained by the victim must have been of such a nature that a reasonable person could have foreseen or anticipated that the injury might occur as a natural consequence of the action." Strough at 491. See also Williams v. Woodman, 424 So.2d 611 (Ala.1982).
The appellant relies on Brothers v. State, 531 So.2d 317 (Ala.Cr.App.1988), to support his argument. In that case, the defendant pleaded guilty to theft of property in the first degree and burglary in the third degree and was ordered to pay restitution for damages to property destroyed in a fire resulting from arson. This court concluded that the burning of the house was neither a direct nor an indirect result of theft or burglary under § 13A-2-5, Code of Alabama 1975. However, in this case, it would be reasonable to foresee that the theft of the tools from the van that the appellant stole and then abandoned could be the indirect result of the appellant's unauthorized use of a motor vehicle. Here, the appellant used the vehicle without permission, did not return it to the victim, and *1134 abandoned it on the side of a county road. Even though he did not take the tools or consciously contemplate the possibility that the property in the van might be taken, given the circumstances of this case, a reasonable person could have foreseen or anticipated the possibility of theft of property from an abandoned van.
"The particular amount of restitution is a matter which must of necessity be left almost totally to the discretion of the trial judge. That discretion should not be overturned except in cases of clear and flagrant abuse." Clare v. State, 456 So.2d 355, 356 (Ala.Cr.App.1983), affirmed, 456 So.2d 357 (Ala.1984). Here, it was not an abuse of the trial judge's discretion to order the appellant to pay restitution toward the cost of the tools.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.