The appellant, Nancy Butler, was indicted for the capital offense of murder done for a pecuniary or other valuable consideration. Ala. Code 1975, § 13A-5-40(a)(7). On June 10, 1991, she entered a plea of guilty to the lesser included offense of murder. Ala. Code 1975, § 13A-6-2(a)(1). On July 3, 1991, after conducting a sentencing hearing, the trial court sentenced the appellant to life imprisonment; ordered that she receive drug and alcohol treatment; and ordered her to pay court costs and attorney fees, $1,000 to the victims compensation fund, and $3,144.76 in restitution. However, the court reserved jurisdiction to consider additional restitution until after a restitution hearing could be held. On February 11, 1992, a restitution hearing was held pursuant to Ala. Code 1975, § 15-18-65 et seq. ("the restitution act"). Upon the conclusion of that hearing, the trial court ordered the appellant to pay $62,332.57 restitution to the heirs of the victim, Gertrude Culpepper. The appellant appeals this restitution order.
The record shows that the victim was an elderly woman, of considerable means, who lived alone and also was in declining health, was suffering from diabetes, and was in need of constant nursing care. The appellant, who had some training as a nurse, was employed by the victim to provide her with such care. The appellant, with the assistance of others, persuaded the victim to change her will, so that, upon her death, all of her property would go to the appellant. One week after the victim executed the new will, the appellant and an accomplice intentionally killed the victim by giving her an overdose of insulin.
Shortly after the victim's death, the victim's heirs brought suit to set aside the will. The suit was settled before trial; however, the record before us does not disclose the details or circumstances surrounding the settlement. The record does show that the appellant received $13,000 from the victim's estate in the settlement. While the record is sparse, it is apparent that the will was set aside, and it is reasonable to assume that the settlement of the will contest occurred before the appellant's conviction.[1] Subsequently, the victim's remaining estate was divided among eight heirs in accordance with the law of intestate succession. Each heir's share was diminished by the costs of the suit challenging the will and the expenses of administration of the victim's estate, in proportion to his or her interest in the estate.
The amount of restitution ordered by the trial court is based upon the economic loss suffered by the heirs because of the litigation over the will and the administration of the estate, including funeral expenses. The items for which restitution was ordered along with the share of the restitution each heir would receive are set out in the record. The trial court ordered restitution as follows:
 $34,608.23 attorney's fees awarded to the attorneys representing the heirs in the will contest
 $ 5,527.00 administration costs for the estate of the victim
 $ 3,280.00 court costs attributable to the will contest
$ 2,124.24 travel expenses
 $13,000.00 settlement paid to the appellant in the will contest
$ 3,024.00 funeral expenses
 $ 769.10 other expenses ---------- $62,332.57 total *Page 775 
The appellant did not contest the amounts set out above, but stipulated that they were accurate and that they represented valid expenses. She contests only her legal liability for reimbursement of those amounts. She does not question the right of the heirs to claim the decedent's estate, maintain the suit to set aside the will, and pay the expenses of administration of the estate. No issue is raised in this appeal concerning the heirs' right to receive the restitution ordered and, therefore, we do not address this issue. "It is the function of the parties and not of the court to formulate the issues."Gillard v. State, 486 So.2d 1323, 1327 (Ala.Cr.App. 1986); Whirley v. State, 481 So.2d 1154 (Ala. 1986), (Jones, J., concurring).
The legislative purpose of the restitution act was to fully compensate victims for "any pecuniary loss, damage or injury" suffered as a direct or indirect result of a criminal act. § 15-18-65. "Victim" is defined in the act as "[a]ny person whom the court determines has suffered a direct or indirect pecuniary damage as a result of the defendant's criminal activities." § 15-18-66(4). We have construed "victim" to encompass persons who were not necessarily the primary object of the defendant's criminal conduct. See Harris v.State, 542 So.2d 1312 (Ala.Cr.App. 1989); Kyser v.State, 513 So.2d 68 (Ala.Cr.App. 1987); Welcher v.State, 504 So.2d 360 (Ala.Cr.App. 1987). The act provides that a victim may recover from a convicted defendant all special damages that a person could have recovered in a civil suit. § 15-18-66(2). Special damages are those that flow naturally but not necessarily from a wrongful act. McLendonPools, Inc. v. Bush, 414 So.2d 92 (Ala.Civ.App. 1982).
"Before a defendant can be held liable for damages, it must be established that his criminal act was the proximate cause of the injury sustained by the victim." Strough v. State,501 So.2d 488, 491 (Ala.Cr.App. 1986). See also Day v.State, 557 So.2d 1318 (Ala.Cr.App. 1989).
 " 'The proximate cause of an injury is the primary moving cause without which it would not have occurred, but which, in the natural and probable sequence of events, produces the injury.' City of Mobile v. Havard, 289 Ala. 532, 538, 268 So.2d 805 (Ala. 1972); see also, Vines v. Plantation Motor Lodge, 336 So.2d 1338 (Ala. 1976). As our Supreme Court observed in Alabama Power Company v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975), foreseeability is the cornerstone of proximate cause. This does not mean, however, that the defendant must have actually foreseen the particular injury which resulted from his action. Rather, the injury sustained by the victim must have been of such a nature that a reasonable person could have foreseen or anticipated that the injury might occur as a natural consequence of the action. Williams v. Woodman, 424 So.2d 611 (Ala. 1982); Prescott v. Martin, 331 So.2d 240
(Ala. 1976). Where an injury is caused by intentional conduct, the rules of proximate cause are more liberally applied. Phillips v. Smalley Maintenance Services, Inc., 435 So.2d 705 (Ala. 1983)."
Strough v. State, 501 So.2d at 491.
The restitution act by reference to pertinent Alabama civil law, permits a victim to recover all reasonable expenses that are incurred due to the defendant's wrongful conduct.Strough v. State. Whether an expense is reasonable is a matter addressed to the discretion of the trial court, and absent a clear abuse of that discretion, its ruling will not be reversed on appeal. Clare v. State, 456 So.2d 355
(Ala.Cr.App. 1983), aff'd, 456 So.2d 357 (Ala. 1984);Strough v. State.
We have reviewed the expenses listed above, which are encompassed in the trial court's restitution order, and find that they are causally related to the appellant's crime. The criminal act, i.e., the murder of the victim, under the circumstances of this case, was the proximate cause of the expenses, damages, or economic loss of the victims who were, in this case, the heirs of the victim. The restitution was to cover each heir's actual expenses and share of the economic loss that resulted from the murder. We believe that a reasonable person *Page 776 
could have foreseen or anticipated that the expenses embodied in the restitution order might occur as a natural consequence of the actions of the appellant, i.e., persuading the victim to change her will so as to leave all her property to the appellant and murdering her in order to obtain the property under the will. Under the circumstances existing here, it was reasonably foreseeable that there would be litigation over the will with resulting costs and that costs would be incurred in the administration of the victim's estate, including funeral expenses. These costs were undeniably caused by the appellant's wrongful act. We also believe that these costs would be recoverable in a civil suit.
It appears from the record that a civil suit against the appellant and her alleged accomplice was filed by the victim's heirs, and that a settlement for an undisclosed amount was made with the accomplice. The appellant contends that she is entitled to offset the amount of restitution ordered by the amount the heirs received from the accomplice in settlement of the civil suit. We find no merit in this contention. SeeHarris v. State; Patterson v. State, 518 So.2d 809
(Ala.Cr.App. 1987); Varner v. State, 497 So.2d 1135
(Ala.Cr.App. 1986); Ala. Code § 15-18-75 (1975).
For the above reasons, we find that the trial court's order of restitution in the amount of $62,332.57 was proper, and due to be affirmed.
AFFIRMED.
TAYLOR and McMILLAN, JJ., concur.
BOWEN, J., dissents with opinion.
MONTIEL, J., recuses himself.
[1] Section 43-8-253(a), Code of Alabama 1975, states: "A surviving spouse, heir or devisee who feloniously and intentionally kills the decedent is not entitled to any benefits under the will . . . and the estate of the decedent passes as if the killer had predeceased the decedent. Property appointed by the will of the decedent to or for the benefit of the killer passes as if the killer had predeceased the decedent."