BOWEN, Presiding Judge.
The appellant, Christopher E. Howard, pleaded guilty to arson in the second degree and was sentenced to seven years’ imprisonment, five of which were suspended. The appellant’s actions resulted in the destruction of the mobile home and all the belongings of the victim, Debra Burrell, and those of her three young daughters. After a hearing, the appellant was ordered to pay $29,945 in restitution to the victim at a rate of $75 per week. This appeal is from the order of restitution.
The appellant contends that the trial court abused its discretion in ordering restitution in the amount of $29,945.00 because he ar *556 gues, “the trial court had no viable evidence [from] which it could determine a [fair] market value for the property lost.” Appellant’s brief at 13. The appellant requests that this matter “be remanded back to the trial court for another restitution hearing so that additional evidence on the fair market value of the lost property may be received.” Appellant’s brief at 15. We find this contention to be without merit and we deny the request.
This issue has not been preserved for review.
“There was no objection to the amount of restitution ordered by the trial court either at the sentencing hearing or in the motion for new trial. Without objection, the issue of restitution is not preserved for review. Stork v. State, 475 So.2d 622, 623 (Ala.Cr.App.1984), reversed on other grounds, Ex parte Stork, 475 So.2d 623 (Ala.1985). Although no specific form of objection is required, § 15-18-69, Code of Alabama (1975), here, defense counsel did not express any disagreement with the amount of restitution. Cf. Ex parte Clare, 456 So.2d 357, 359 (Ala.1984).”
Eddins v. State, 501 So.2d 574, 578 (Ala.Cr.App.1986). See also Briggs v. State, 549 So.2d 155, 161 (Ala.Cr.App.1989).
Furthermore, even had the issue been preserved for review, the substance of the appellant’s contention on appeal is without merit. Perpetrators of criminal activity or conduct are to “be required to fully compensate all victims ... for any pecuniary loss, damage or injury as a direct or indirect result thereof,” Ala.Code 1975, § 15-18-65, when the “defendant’s criminal act was the proximate cause of the victim’s injury.... and a reasonable person could have foreseen or anticipated that the injury might occur as a natural consequence of the action.” Richardson v. State, 603 So.2d 1132, 1133 (Ala.Cr.App.1992).
In this case, the circuit court heard testimony from both sides regarding the value of the victim’s destroyed property and stated that: “[A] victim is entitled to the market value of the property at the time of the damage; not what was paid for it a couple of years before.... The court will have to, based upon the testimony, go through, and item by item, determine a fair market value on all of these items and that will be the amount ordered.” R. 112. After taking the matter under submission, the trial court issued a written order in which it concluded that “the victim, Debbie Howard, is entitled to restitution in the amount of $29,945.00.” C.R. 2.
“ ‘The particular amount of restitution is a matter which must of necessity be left almost totally to the discretion of the trial judge. That discretion should not be overturned except in cases of clear and flagrant abuse.’ Clare v. State, 456 So.2d 355, 356 (Ala.Cr.App.1983), affirmed, 456 So.2d 357 (Ala.1984).” Richardson v. State, 603 So.2d 1132, 1134 (Ala.Cr.App.1992). Accord R.B.N. v. State, 600 So.2d 409, 411 (Ala.Cr.App.1992); Morgan v. State, 589 So.2d 1315, 1321 (Ala.Cr.App.1991); Pollard v. State, 593 So.2d 95, 96 (Ala.Cr.App.1991); Simmons v. State, 574 So.2d 1046, 1049 (Ala.Cr.App.1990); Wiggins v. State, 513 So.2d 73, 79 (Ala.Cr.App.1987). “The proper measure of damages is the difference between the fair market value of the property immediately before and after the destruction or damage to the property.” Simmons v. State, 574 So.2d 1046, 1049 (Ala.Cr.App.1990) (Bowen, J., concurring specially) (citing Dooley v. Ard Oil Co., 444 So.2d 847, 848 (Ala.1983), wherein the Alabama Supreme Court stated: “The proper measure of damages, in a tort action, for the destruction of a building or buildings is the difference between the fair market value of the property immediately before and after the destruction or damage”).
Based on the record before us, we cannot say that the trial court’s order of restitution was an abuse of discretion.
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.