897 So.2d 428 (2004)
John STUTTS
v.
STATE of Alabama.
CR-02-1591.
Court of Criminal Appeals of Alabama.
February 27, 2004.
Rehearing Denied April 16, 2004.
Michael F. Terry, Moulton, for appellant.
Troy King and William H. Pryor, Jr., attys. gen., and Hense R. Ellis II, asst. atty. gen., for appellee.
WISE, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
McMILLAN, P.J., and SHAW, J., concur. BASCHAB, J., concurs in the result. COBB, J., dissents, with opinion.
COBB, Judge, dissenting.
I respectfully dissent from the majority's unpublished memorandum affirming the circuit court's restitution order of $2,500 upon John Stutts after his conviction for criminal mischief in the third degree.[1]
Stutts was accused of pushing the victim's truck into a pond following an altercation between the two men. He was indicted for criminal mischief in the first degree.
"(a) A person commits the crime of criminal mischief in the first degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property:
"(1) In an amount exceeding $1,000.00."
§ 13A-7-21(a)(1), Ala.Code 1975.
The jury returned a verdict of guilt for the lesser offense of criminal mischief in the third degree.

*429 "A person commits the crime of criminal mischief in the third degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property in an amount not exceeding $250.00."
§ 13A-7-23(a), Ala.Code 1975.
At the restitution hearing, the victim testified that his truck sustained extensive damage after it was submersed in the pond. The victim testified that he obtained several estimates concerning the cost of repairing the truck; those estimates ranged from $2,500 to $10,000. The trial court ordered restitution of $2,500.
Stutts contends that because the jury specifically rejected the greater offense and found him guilty of the lesser offense of criminal mischief in the third degree, an offense requiring damages of no more than $250, the trial court's restitution order was in error. I agree with Stutts. I do not believe the restitution could be ordered in an amount greater than the limit set by the statute.
The majority relies on Moore v. State, 706 So.2d 265 (Ala.Crim.App.1996), relying in turn on Ex parte Clare, 456 So.2d 357 (Ala.1984), as authority for permitting restitution in excess of the statutory limit. Moore states:
"The Legislature intended `that all perpetrators of criminal activity or conduct be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof.' § 15-18-65. However, before there can be any recovery, the criminal activity must be the proximate cause of the pecuniary loss, damage, or injury. See Butler v. State, 608 So.2d 773, 775 (Ala.Cr.App.1992); Strough v. State, 501 So.2d 488, 491 (Ala.Cr.App.1986). Also, the victim must actually suffer pecuniary loss, damage, or injury. Restitution serves a compensatory function and cannot be used as a punitive measure; therefore the amount of restitution cannot exceed the actual loss. Ex parte Clare, 456 So.2d [357] at 358 (Ala.1984)."
Moore v. State, 706 So.2d at 267.
In Ex parte Clare, 456 So.2d 357 (Ala.1984), the Alabama Supreme Court stated the following regarding restitution:
"The general rule regarding the imposition of restitution has been that the amount awarded may not be larger than that involved in the indictment. United States v. Follette, 32 F.Supp. 953 (E.D.Pa.1940). This language is based on a strict interpretation of the federal Probation Act. Code 1975, § 15-22-52(8), is similar to the federal statute, and has been relied upon for years as the controlling law on the subject in Alabama. We now, however, have a new statute which the legislature enacted to govern restitution in Alabama, 1980 Ala. Acts 80-588 (Codified at Code 1975, § 15-18-65 through § 15-18-77 (1982 Repl.Vol.)). This statute authorizes restitution to `fully compensate all victims of [criminal] conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof.' Code 1975, § 15-18-65 (1982 Repl.Vol.). It is clear to us from this new enactment that it is the intent of the legislature that victims be fully compensated through restitution. The Act authorizes restitution by defendant for any `criminal activity' on his part against the victim. `Criminal activity' is defined as `[a]ny offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.' Code 1975, § 15-18-66 (1982 Repl.Vol.). In the case before us, the defendant admits that she embezzled monies which rightfully belonged to her *430 employer, in an amount greater than that stated in the indictment. By using Code 1975, § 15-22-52(8), together with new Code 1975, §§ 15-18-65 and -66, we find that defendant can be held accountable for an amount greater than that set out in the indictment."
Ex parte Clare, 456 So.2d at 358-59.
Having been a trial judge for over 13 years, I am convinced that the philosophy behind the restitution act is well placed  innocent people should be recompensed for losses sustained through criminal activity. Nevertheless, I believe that this case is distinguishable from the cases relied upon by the majority.
In Moore, restitution resulted from a plea bargain in which Moore agreed to compensate all the victims of his theft in exchange for having his four additional charges nolle prossed. In Clare, Clare admitted embezzling more money than charged in the indictment and, thus, full restitution was made a condition of probation. Neither of those circumstances exist in the instant case.
I recognize that there are numerous instances where the trial court may order restitution in an amount greater than the amount set out in an indictment. These cases typically, though perhaps not exclusively, involve guilty pleas to charges of theft based on one or two items named in an indictment when in actuality numerous unnamed items also existed. Under these circumstances, trial court's include the unnamed items as part of the restitution. See Simmons v. State, 574 So.2d 1046, (Ala.Crim.App.1990)(the appellant was indicted for burglary in the third degree and theft in the first degree. He pleaded guilty to theft in the third degree but restitution was set at $10,000 based on evidence presented at restitution hearing); Pollard v. State, 593 So.2d 95, 95 (Ala.Crim.App.1991)("The appellant pleaded guilty to two charges of possession of a forged instrument in the second degree. The appellant had been charged with writing a check for $200 on the account of the Concerned Citizens Group of Montgomery, and with writing another check for $300 on that same account. However, during the sentencing hearing, testimony was given that the actual amount of money that was mishandled by the appellant was $5,600. Therefore, the trial court ordered restitution in that amount."); Richardson v. State, 603 So.2d 1132 (Ala.Crim.App.1992)(Appellant pleaded guilty to unauthorized use of a motor vehicle. Over appellant's objections that an order of restitution for tools missing from the vehicle must be based upon a conviction for theft of property and not unauthorized use of a motor vehicle, restitution of $3,233.28 included not only repairs to the van, including parts, labor, and towing, but also the cost of tools missing from the motor vehicle.).
However, the instant case differs from those cases where there were multiple items requiring recompense. Here, only one item was damaged  the truck. The criminal mischief statute assigns the extent of culpability based on the amount of monetary damage done to the property, and in this case, that amount was a question of fact decided by the jury. When the jury found Stutts guilty of criminal mischief in the third degree, it determined that the damage to the truck was no more than $250. Therefore, I believe restitution should have been limited to that amount.
Thus, I would remand this case for the trial court to amend its order of restitution.
NOTES
[1] Stutts does not challenge his conviction. He challenges only the amount of his restitution.