McMILLAN, Presiding Judge.
The appellant, B.M.J., appeals from the trial court’s order adjudicating him delinquent after he pleaded “true” to the charge of receiving stolen property in the first degree, a violation of § 13A-8-17, Ala.Code 1975. B.M.J. was placed on probation. 'At his restitution hearing, he was ordered to pay restitution in the amount of $1,426.89 for repair costs to the stolen vehicle, a 2002 Carter brand go-cart.
B.M.J. argues that the juvenile court erred in ordering him to pay restitution for the damaged go-cart because he was adjudicated guilty of receiving stolen property, and no evidence was presented either at the delinquency hearing or the restitution hearing indicating that he caused the damage to the go-cart.
Section 15 — 18—65, Ala.Code 1975, states, in pertinent part:
“[I]t is essential to be fair and impartial in the administration of justice, that all perpetrators of criminal activity or conduct be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof”
(Emphasis added.) Section 15-18-66(1), Ala.Code 1975, defines “criminal activity” as “[a]ny offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.”
However, in Best v. State, 895 So.2d 1050, 1054 (Ala.Crim.App.2004), quoting Day v. State, 557 So.2d 1318, 1319 (Ala.Crim.App.1989), quoting in turn Strough v. State, 501 So.2d 488, 491 (Ala.Crim.App.1986), this Court stated that “ ‘ “[b]efore a defendant can be held liable for damages, it must be established that his criminal act was the proximate cause of the injury sustained” ’ ” by the victim. See Butler v. State, 608 So.2d 773, 775 (AIa.Crim.App.1992) (quoting Strough, 501 So.2d at 491, quoting in turn City of Mobile v. Havard, 289 Ala. 532, 538, 268 So.2d *1176 805, 810 (1972)) (“ “The proximate cause of an injury is the primary moving cause without which it would not have occurred, but which, in the natural and probable sequence of events, produces the injury.” ’ ”). Therefore, under Alabama’s restitution statute, the defendant could be ordered to pay restitution to the victim of his crime only if one of two conditions existed: (1) his victim suffered direct or indirect pecuniary loss as a result of the criminal activity of which the defendant has been convicted, or (2) he admitted to other criminal conduct during the proceedings that was the proximate cause of the victim’s pecuniary loss or damages.
Here, the State and defense counsel stipulated to the admission of police reports tending to show that B.M.J. was found to be in “possession” of the go-cart, which was later discovered to be stolen. There was no evidence presented either at B.M.J.’s delinquency hearing or at the restitution hearing, that his criminal activity, i.e., receiving stolen property, was the proximate cause of the damage, either directly or indirectly, to the stolen vehicle. Additionally, B.M.J. never admitted to having caused any damage to the vehicle.
In light of the foregoing, the juvenile court improperly ordered B.M.J. to pay restitution for the property damage. Consequently, the juvenile court’s restitution award is reversed and the cause is remanded for the juvenile court to amend its judgment accordingly. Due return shall be made within 28 days of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On September 15, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion.