LYONS, Justice
(concurring in part and dissenting in part).
The statutory basis for the trial court’s order requiring restitution provides, in pertinent part, “[A]ll perpetrators of criminal activity or conduct [shall] be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof.” § 15-18-65, Ala.Code 1975 (emphasis added). Section 15-18-66(4), Ala.Code 1975, defines “victim” as “[a]ny person whom the court determines has suffered a direct or indirect pecuniary damage as a result of the defendant’s criminal activities.” (Emphasis added.)
I concur in the main opinion in all respects except its affirmance of the Court of Criminal Appeals’ judgment as to the propriety of allowing restitution for damage sustained by the victim, Bussman Construction Company, after the theft but before Jerome Theodorou’s receipt of the stolen property. The main opinion upholds the trial court’s award of restitution for such damage by ascribing to the word “indirect” a connotation that permits relaxation of the requirement of causation so as to disregard completely the statutory requirement that the loss be caused by the defendant’s criminal activity. The flaw in that analysis lies in failing to confine the dichotomy between direct and indirect to an analysis of recoverable damages, as opposed to principles of causation.
Black’s Law Dictionary defines “consequential loss” as follows:
“A loss arising from the results of damage rather than from the damage itself A consequential loss is proximate when the natural and probable effect of the *161 ■wrongful conduct, under the circumstances, is to set in operation the intervening cause from which the loss directly results. When the loss is not the natural and probable effect of the wrongful conduct, the loss is remote.— Also termed indirect loss; consequential injury. Cf. direct loss.”
Black's Law Dictionary 964 (8th ed. 2004)(emphasis added). The contrast between direct and indirect damage is frequently encountered in limitations on liability for a breach of warranty. See, e.g., Leonard v. Terminix Int’l Co., 854 So.2d 529, 534-35 (Ala.2002) (“Thus, the arbitration clause is not unconscionable solely because it purports to preclude a remedy for ‘indirect, special or consequential damages or loss of anticipated profits.’ ” (emphasis added)).
Applying the foregoing rule to this case, the damage to the hammer attachment to the backhoe would be direct; any damages for lost profits after the receipt by Theodo-rou of the stolen property running until the time Bussman Construction had been made whole would be “a loss arising from the results of the damage” or an indirect loss.
In Grace v. State, 899 So.2d 302, 308 (Ala.Crim.App.2004), the Court of Criminal Appeals, dealing with the statutory basis for restitution in criminal cases, aptly observed:
“ ‘ “ ‘[I]t is well established that criminal statutes should not be “extended by construction.” ’ Ex parte Evers, 434 So.2d 813, 817 (Ala.1983). ‘“[C]riminal statutes must be strictly construed, to avoid ensnaring behavior that is not clearly proscribed.” ’ United States v. Bridges, 493 F.2d 918, 922 (5th Cir.1974).” Carroll [v. State], 599 So.2d [1253,] 1264 [ (Ala.Crim.App.1992) ].’ ”
(Quoting State v. Brooks, 701 So.2d 56, 58 (Ala.Crim.App.1996).)
I believe the main opinion violates the foregoing well settled principles. I would reject the expansive market theory urged by the State, recognized in Commonwealth v. Kelly, 836 A.2d 931 (Pa.Super.Ct.2003), and embraced by the main opinion. I would adhere to the view expressed in B.M.J. v. State, 952 So.2d 1174, 1176 (Ala.Crim.App.2006), in which the Court of Criminal Appeals reversed the trial court’s restitution order requiring payment for repairs to a go-cart where there was no evidence linking the defendant charged with receiving stolen property to the damaged condition of the go-cart. The court in B.M.J. stated:
“[I]n Best v. State, 895 So.2d 1050, 1054 (Ala.Crim.App.2004), quoting Day v. State, 557 So.2d 1318, 1319 (Ala.Crim.App.1989), quoting in turn Strough v. State, 501 So.2d 488, 491 (Ala.Crim.App.1986), this Court stated that ‘ “ ‘[bjefore a defendant can be held liable for damages, it must be established that his criminal act was the proximate cause of the injury sustained ”” by the victim. See Butler v. State, 608 So.2d 773, 775 (Ala.Crim.App.1992) (quoting Strough, 501 So.2d at 491, quoting in turn City of Mobile v. Havard, 289 Ala. 532, 538, 268 So.2d 805, 810 (1972)) (‘ “ ‘The proximate cause of an injury is the primary moving cause without which it would not have occurred, but which, in the natural and probable sequence of events, produces the injury.’ ” ’). Therefore, under Alabama’s restitution statute, the defendant could be ordered to pay restitution to the victim of his crime only if one of two conditions existed: (1) his victim suffered direct or indirect pecuniary loss as a result of the criminal activity of which the defendant has been convicted, or (2) he admitted to other criminal conduct during the proceedings that was the *162 proximate cause of the victim’s pecuniary loss or damages.
“Here, the State and defense counsel stipulated to the admission of police reports tending to show that B.M.J. was found to be in ‘possession’ of the go-cart, which was later discovered to be stolen. There was no evidence presented either at B.M.J.’s delinquency hearing or at the restitution hearing, that his criminal activity, i.e., receiving stolen property, was the proximate cause of the damage, either directly or indirectly, to the stolen vehicle. Additionally, B.M.J. never admitted to having caused any damage to the vehicle.”
952 So.2d at 1175-76 (emphasis added).
I therefore respectfully dissent from that aspect of the main opinion permitting restitution for damage sustained by Buss-man Construction after the theft but before Theodorou’s criminal activity.
COBB, C.J., and MURDOCK, J., concur.