On Return to Remand 
*

WINDOM, Presiding Judge.
D.J.J. appeals the juvenile court’s order of restitution in the amount of $1,448.85. The restitution was ordered after D.J.J. was adjudicated delinquent based on his pleading true to a charge of first-degree receiving stolen property, a violation of § 13A-8-17, Ala.Code 1975.[1]
On November 20, 2013, Officer Ronald Brown of the Birmingham Police Department initiated a traffic stop on a Chrysler 300 vehicle. D.J.J. was the driver of the vehicle. Officer Brown checked the license number of the vehicle, which revealed that the vehicle had been stolen from Sandra Jolla on October 15, 2013. D.J.J. admitted that he knew the vehicle was stolen and that he had received it from his stepbrother.
As a result of the theft, Jolla incurred $1,448.85 in losses—$500 of that amount represented her insurance deductible, while the remainder was the result of personal property that was in her vehicle at the time of the theft but was not recovered.
On appeal, D.J.J. argues that the juvenile court erred in assessing restitution for the personal property that was in Jolla’s vehicle because he did not plead true to receiving those items, nor was there any evidence presented indicating that he was ever in possession of those items.
*668 “The right of crime victims to receive restitution is set forth in the Restitution to Victims of Crimes Act, § 15-18-65 et seq., Ala.Code 1975 (‘the Act’).” Roberts v. State, 863 So.2d 1149, 1152 (Ala.Crim.App.2002). Section 15-18-65 states:
“The Legislature hereby finds, declares and determines that it is essential to be fair and impartial in the administration of justice, that all perpetrators of criminal activity or conduct be required to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof. The provisions of this article shall be construed so as to accomplish this purpose and to promote the same which shall be the public policy of this state.”
Section 15-18-66(1), Ala.Code 1975, defines “criminal activity” as “[a]ny offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.” Although the legislative intent of Alabama’s restitution scheme dictates a broad application, a trial court’s discretion in ordering restitution is not unlimited. A defendant
“could be ordered to pay restitution to the victim of his crime only if one of two conditions existed: (1) his victim suffered direct or indirect pecuniary loss as a result of the criminal activity of which the defendant has been convicted, or (2) he admitted to other criminal conduct during the proceedings that was the proximate cause of the victim’s pecuniary loss or damages.”
B.M.J. v. State, 952 So.2d 1174, 1176 (Ala.Crim.App.2006).
D.J.J. and the State both rely on Ex parte Theodorou 53 So.3d 151 (Ala.2010). In Theodorou, the appellant, who had pleaded guilty to third-degree receiving stolen property, was assessed restitution, in part, for pecuniary damage suffered by the victim that occurred before the appellant purchased the stolen property. The Alabama Supreme Court utilized a market theory to affirm this Court’s affirmance of the order assessing restitution, reasoning that the appellant’s willingness to purchase the stolen property created a market for the thief.
“[Ajlthough Theodorou’s receipt of the stolen equipment may not have directly caused the damage here, we agree with the State’s argument that Theodorou’s criminal conduct was an indirect cause of that damage; by purchasing the property that he knew was stolen, Theodorou intentionally placed himself in the chain of activities that included the theft of the specific property and caused the additional $12,801.58 in damages he was ordered to pay as restitution.”
Theodorou, 53 So.3d at 159 (emphasis in original) (citing Strough v. State, 501 So.2d 488, 491 (Ala.Crim.App.1986)).
Here, D.J.J. pleaded true to a charge alleging he had received Jolla’s stolen vehicle. However, there was no allegation that D.J.J. ever received the personal property that was in Jolla’s vehicle. Therefore, Theodorou is distinguishable from the instant case.
In Best v. State, 895 So.2d 1050 (Ala.Crim.App.2004), this Court reviewed the restitution assessed on the appellant for his conviction for first-degree receiving stolen property. The appellant was found in possession of a stolen truck and, following his conviction, was assessed $3,300 in restitution for the victim’s personal property that was in the truck when it was stolen. This Court reversed the order assessing the restitution, holding:
“In the present case, Best was convicted of receiving stolen property, i.e., Garrick’s 1988 Dodge pickup truck. There were no allegations or proof that Best ever had possession of Garrick’s personal property. In fact, as previously noted, Garrick admitted at the sen *669 tencing hearing that he ‘really [didn’t] know if Mr. Best ever had those items’ in his possession. (R. 181.) At the sentencing hearing, Best stated that ‘[t]he truck was given to [him] for drugs ... [that he] gave [Garrick’s] wife drugs to use the truck’ and that ‘on this date, February the 7th, [he] gave her some crack cocaine for the truck.’ (R. 186— 87.)
“In light of the foregoing, the trial court improperly ordered Best to pay restitution to Garrick in the amount of $3,300 for his missing personal property. Consequently, the trial court’s restitution award is reversed and the cause is remanded for the trial court to amend its judgment accordingly.”
Best, 895 So.2d at 1056.
At the restitution hearing, the State presented only the testimony of Jolla, who did not testify to D.JJ.’s possession of the personal property in her vehicle. As in-Best, “[t]here were no allegations or proof that [D.J.J.] ever had possession of [Jol-la’s] personal property.” Best, 895 So.2d at 1056. Nor was there an admission by D.J.J. from which the juvenile court could have found that D.J.J. was the proximate cause of Jolla’s damage related to her missing personal property. Consequently, pursuant to this Court’s holding in Best, that portion of the restitution order that assessed an amount to compensate Jolla for the missing personal property is reversed, and the cause is remanded for the juvenile court to amend its judgment accordingly. The remaining portion of the restitution—$500, which was assessed to compensate Jolla for her payment of her insurance deductible—has not been challenged on appeal and is affirmed. Due return shall be made within 28 days of this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.**
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.

 Note form the reporter of decisions: On September 15, 2014, the Court of Criminal Appeals remanded this case by order.

. On September 15, 2014, this Court remanded this case to the juvenile court for that court to enter an order of judgment into the State Judicial Information System. See Rule 58(c), Ala. R. Civ. P.

 Note from the reporter of decisions: On May 18, 2015, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.